CASE 4—PETITION EQUITY—JUNE 6.

# Brown vs. Early, &c.
# Early, &c., vs. Liter.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. Where a debtor, residing and owning land in Kentucky, sells it in Indiana to a creditor residing there in payment of his debt, such sale—being made in contemplation of insolvency, and with a view to prefer the vendee to the exclusion of other creditors in Kentucky—is within the act of 1856 prohibiting such sales.

2. In sales within the act of 1856, where there is no ostensible change of possession nor registration of the deed or bond before suit by the creditors, the lapse of more than six months from the date of the sale will not bar the action.

3. The vendee will, in such cases, stand as a creditor to the extent of his debt against the vendor at the date of the contract; but his subsequent payment of money on that contract cannot enlarge his claim to distribution.

4. The failure of an attorney appointed to defend for a non-resident defendant, to make defense, or to report that he had corresponded with him, is not error sufficient for reversal of the judgment.

4. The lien created by an execution on replevin bond in the hands of the sheriff may be lost by delay—even where there has been a levy—and the subsequent failure to issue any execution for more than a year will release the surety in the replevin bond.

E. C. Phister, for Brown, cited *Civ. Code*, 440; 14 *B. Mon.*, 270; 1 *Rev. Stat.*, *p.* 555.

W. H. Cord, for Early, &c., cited 2 *Met.*, 381; *Ibid*, 336, 52, 457; 3 *Met.*, 538; 1 *Met.*, 454; 2 *Bl. Comm.*, 486; 3 *Story's Rep.*, 456; 2 *Cush.*, 170; *Hilliard on Bankruptcy*, 346; 5 *Law Rep.*, 289; *Smith's Merc. Law*, 465; 1 *B. Mon.*, 208; 9 *B. Mon.*, 126; 7 *Mon.*, 262; 3 *Dana*, 213; 4 *Mon.*, 586; 3 *Litt.*, 427.

Stanton & Throop, on same side, cited *Civ. Code*, sec. 439, 91, 445.

A. Duvall on same side.

L. M. Cox, for Liter, cited 2 *Am. Lead. Cas.*, 366; 12 *B. Mon.*, 388; 1 *B. Mon.*, 327; 3 *Bibb.*, 467; 1 *Dana*, 22; 3 *J. J. M.*, 528; 6 *Mon.*, 575; 4 *Mon.*, 492; 7 *Mon.*, 398; 9 *B. Mon.*, 235; 4 *J. J. M.*, 366; 2 *Bibb*, 309; 3 *Bibb*, 360; 2 *Rev. Stat.*, *p.* 400.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 25th of January, 1861, James A. Harris, then residing near Flemingsburg, Kentucky, made an executory contract in writing in the State of Indiana with Wm. W. Brown, of Greencastle, Indiana, purporting to sell to Brown, Harris' homestead tract of land for $5,000, of which $2,500 were acknowledged as paid in a debt of that amount alleged to be due from the vendor to the vendee. And, on the 22d of November, 1861, Harris conveyed to Brown the legal title to said land, and acknowledged the receipt of the entire consideration *before it was all due.* At the date of the executory contract Harris was embarrassed with heavy indebtedness to various cred-

itors, and his impending insolvency was developed at the date of the conveyance.

On the 4th of December, 1861, Hiram Wallingford, one of Harris' creditors, attacked the conveyance as actually fraudulent, and attached the land. Other attaching creditors soon succeeded, and assailed the conveyance as constructively fraudulent under the statute of 1856 against assignments preferring creditors " in contemplation of insolvency." And David Early and others also proceeded by cross-petition against Joseph Liter, as surety for Trimble and others, in an unsatisfied replevin bond to Harris, claimed as subject to distribution among Harris' creditors, which Liter resisted on his alleged exoneration by Harris' negligent loss of a lien on the property of the principals who had since become insolvent, and also by forbearance for more than twelve months to issue execution on the replevin bond.

All the cases having been consolidated, the circuit court, adjudging the conveyance to be constructively fraudulent, decreed distribution according to the act of 1856, and discharged Liter from liability.

These appeals from those judgments will be considered separately in the foregoing order:

I. Without a specific notice of the various objections made by Brown and Harris to the decree against the conveyance, we will, by a general view, succinctly answer all of them.

Although the contract was made in Indiana, where the common law right to prefer creditors existed, yet, as the land is in Kentucky, the *lex loci rei scitæ*, and not the *lex loci contractus*, controls the legal effect of the assignment. And the payment of the consideration in Indiana cannot affect the rights of any of the parties as regulated by our statute of 1856. That statute, therefore, applied to the case in all its phases, and the court below had jurisdiction over the rights of all the parties as litigated, the *locale* of the land giving jurisdiction *in rem*.

As there was no ostensible change of possession, nor registration of the deed or bond before the suit was instituted, the lapse of more than six months from the date of the initial

contract did not operate as a limitation of the cause of action. Under and according to the statute there was no such constructive notice as it contemplated in fixing the limitation of six months after possession or recording. The facts conduce sufficiently to show, that, when the contract was made in January, 1861, Harris was either insolvent or contemplated the contingency of his impending insolvency; and that, with an eye to that contingency, he made the assignment for the purpose of securing and preferring Brown as one of his creditors, and would not have made that contract had he not apprehended his inability to pay all his debts. In characterizing the transaction, Brown must be considered as a preferred creditor, and not at all as a stranger or an independent purchaser in good faith. And although he may yet stand as a creditor to the extent of his just demand against Harris at the date of the executory contract, yet, as the creditors at that time are alone entitled to distribution, his subsequent payment of money on that contract cannot enlarge his claim to distribution as a creditor to whose use the statute makes the assignment inure, and the more especially as there is ground for the imputation of actual collusion in Harris' unlawful purpose. So far we perceive no essential error.

Nor can we see any available error in the omission of the attorney, appointed for Harris, as a non-resident, to make defense or report that he had corresponded with him. The chief object of the appointment was to facilitate actual notice to Harris. The court had jurisdiction to render the decree on constructive service alone. The fact that the attorney, in such cases, is entitled to no compensation without a satisfactory report, does not imply that such a report is a prerequisite to a valid decree. Withholding pay without service is not only just, but was intended to insure fidelity in the performance of the allotted duty, which the court could not effectuate by other means without delays which might unjustly retard the suit without any corresponding benefit to the non-resident, who, without actual or *quasi* actual notice, may open the decree within five years, or might appeal from it in three years.

And, moreover, in this case, in addition to the defense made by the law in traversing all the material allegations against him, *Harris*, who gave his deposition for Brown, thereby showed that he had actual notice in as useful and available a form as the attorney's communication could have given him.

Having thus substantially disposed of all the grounds relied on for reversing the decree for distribution, and finding no essential error, we affirm that decree.

II. Whether the first and the second executions, which were issued on the replevin bond, were actually levied,.or, while in the sheriff's hands without such levy, operated as a lien on the property of the surety or the principals, is not material; for if there was ever such a lien, it was lost by delays, and the subsequent failure to issue any execution for more than a year entitled the surety. to a statutory release of his liability on the bond.

And it was apparently on this ground that the circuit court properly decreed Liter's exoneration.

That decree, therefore, is also affirmed.