## W. P. McCLAIN *v.* LUTHER MATTHEWS, ET AL.

**Administrator's Sale of Real Estate.**

> Where an administrator petitions to settle the estate and for an order to sell lands to pay debts, and a commissioner makes a sale for much less price than such land might bring at another time if the sale is fairly made, is not a sufficient ground for setting aside the sale. In order to authorize a sale to be set aside for inadequacy of price it must be so great as to import fraud.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

January 21, 1880.

OPINION BY JUDGE HINES:

The administrators of J. H. Matthews instituted a suit against his heirs and creditors to settle the estate, alleging insufficiency of personal assets and asking the sale of a certain piece of land to pay debts. The infant defendants were properly before the court and represented by guardian ad litem, who answered, but it appears that the attorney appointed for them as non-residents did not report.

To this petition William McClain answered, setting up the fact that he held a lien for purchase-money on the land sought to be sold, making his answer a cross-petition against the infant heirs and asking that his lien be enforced. On this cross-petition there was no service of process.

On reference to a commissioner and a confirmation of his report showing insufficiency of personal assets, the land was sold and purchased by William McClain for the amount of his debt as reported by the commissioner, and conveyed, by direction of the purchaser, to appellant, to whom a writ of possession was granted April 11, 1877, and possession delivered.

Some eight months after the writ of possession was awarded the non-resident defendants filed their petition, and a year thereafter

filed exceptions to the confirmation of sale. The objections urged were:

First: That the bond required before the sale of land belonging to parties constructively summoned had not been given.

Second: That the judgment was for too much money.

Third: That the attorney for the non-residents had not reported.

Fourth: That the administrators had in their hands enough to pay McClain's debt.

Fifth: That appellees had been misled by the administrators.

Sixth: That the land was sold for one-third of its value.

Seventh: That one of the defendants died after judgment and no revivor was had.

There is no suggestion of fraud or improper conduct on the part of McClain. The court below sustained an exception and set aside the sale. From that judgment this appeal is taken. The petition sets up none of the causes for vacating a judgment after the expiration of the term at which it was rendered as provided in Secs. 518 and 344 of the Code, and it is equally clear that appellees have not brought themselves within Sec. 414 of the Code.

Appellant tenders no defense to the action. He does not dispute the debt, nor does he charge or prove fraud or improper conduct. *Dawson v. Litsey,* 10 Bush 408. Sec. 440, Myers' Code, did not require the execution of a bond before judgment when the action was, as in this instance, for the settlement of the estate and for the sale of real estate to pay debts. The record fails to show that the judgment was for too much money. The failure of the attorney for the non-resident to report is not a reversible error. *Brown v. Early,* 2 Duv. 369.

It does not appear from the record that the administrator had in his hands sufficient assets to pay the debt, and if he did have it would not authorize a reversal. The lienholder had a right to proceed to enforce his lien with reference to the amount of assets, and without the existence of the lien such a sale would vest the purchaser with good title.

There appears to have been no necessity for a revivor on the death of one of the heirs. She died in infancy, and the other heirs who were before the court took the whole of her interest.

That the land sold for much less on the sale by commissioner than it would sell for at another time is not clearly shown, nor is it material, as the first sale was fair, there being nothing to show that it

could then have been sold for more money. The only evidence that it could now be sold for more are the affidavits of two persons who appear to have lands adjoining. In order to authorize a sale to be set aside for inadequacy of price it must be so great as to import fraud. *Stump v. Martin*, 9 Bush 285.

There was no necessity of making the answer of McClain a cross-petition against the infant heirs, or, after he did make them parties, that there should be process on guardian ad litem. The heirs were all before the court on the original petition, and there was no more reason why McClain should bring an original action against the heirs than there was for any other creditor doing so.

The objections made by appellees would not have authorized the court below to set aside the sale, even if exceptions had been filed and the case opened at the term at which the original judgment was rendered.

Wherefore the judgment is *reversed* and cause remanded.

*M. Yeoman, William Lindsay, W. P. McClain, for appellant.*
*M. Merritt, for appellees.*