# First Owensboro Bank & Trust Co. v. Wells et al.

Feb. 23, 1940.

George S. Wilson, Judge.

E. B. Anderson for appellant.

George S. Wilson, Jr., for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee, B. Coburn Wells, became the purchaser of real estate sold at a judicial sale in mortgage foreclosure proceedings instituted by appellant, but was relieved of his obligation by a judgment sustaining his exceptions based on the existence of encumbrances against the property which constituted a cloud upon the title. This court reversed the judgment sustaining the exceptions because he had failed to introduce evidence to sustain his allegation that the property was encumbered. First Owensboro Bank & Trust Co. v. Wells et al., 278 Ky. 38, 128 S. W. (2d) 227.

Upon the filing of our mandate reversing the case for further proceedings consistent with the opinion de-

livered, the chancellor set aside the order sustaining the purchaser's exceptions and canceling his purchase-money bonds, whereupon the purchaser satisfactorily established by proof that the county court clerk's records disclosed an unreleased mortgage on the property in question for $2,500 in favor of one A. C. Hancock Jr., of Evansville, Indiana, and an unreleased mechanic's lien against the property for $133 in favor of a company known as the Monroe Company, neither of whom had been made parties to the foreclosure suit prior to the sale. With this testimony in the record, the chancellor again sustained the purchaser's exceptions to the report of sale and canceled his purchase-money bonds. The present appeal is from that judgment.

Appellant's contentions may be summarized as follows: (1) That in order to obtain relief the purchaser was required to prove the validity of the liens in question as distinguished from their existence as shown by the record; and (2) that in any event the purchaser, the appellee, B. Coburn Wells, and the assignee of his bid, the appellee, Cora Wells, are protected against loss and should be required to comply with the bid.

We cannot agree with appellant's first contention, as it would be patently unjust to require a purchaser at a judicial sale to perform the difficult and perhaps impossible task of proving the validity of a mortgage or other lien created by strangers, in order to be relieved of an encumbered and almost certainly unmarketable title. By proving the recording in the court clerk's office of the mortgage and mechanic's lien in question, and that, so far as the record showed, they were unreleased and unsatisfied, the purchaser proved the existence of the liens, which, valid or not, constituted a cloud upon the title, and hence, fully met the requirement that ground of exception must be proven.

However, we are of the opinion that the subsequent proceedings had upon the amended intervening petition filed by the purchaser on January 21, 1938, calling upon the lienholders referred to to assert their respective claims against the property, if any they had, were sufficient to fully protect the purchaser. As noted in our opinion on the former appeal, warning orders against these lienholders were duly made on this amended in-

tervening petition, and on the 12th day of December, 1939, the lienholders not having appeared, the court entered a judgment adjudging that they had no liens on the property. Prior to the entry of this judgment appellant executed bonds to the alleged lienholders as required by Section 410, Civil Code of Practice. Irrespective of any other question in the case, we are of the opinion that the judgment referred to barred any claim these lienholders might have had against the property. The fact that the warning order attorney failed to file a report did not render the judgment void. Section 60, Civil Code of Practice; Brown v. Early, etc., 2 Duv. 369.

Whether because of the provisions of Section 496, Kentucky Statutes, the failure of Hancock to record his mortgage until after the judgment of sale had been entered rendered the mortgage void as to the purchaser, or whether the failure of the appellant to file the notice of action prescribed by Section 2358a-1, Kentucky Statutes, nullified the effect of the mortgagee's failure to record his mortgage prior to the entry of the judgment, we need not decide. It is sufficient to say that the alleged lienholders were eventually made parties to the action. The bonds required by Section 410 of the Code were executed and a valid judgment was entered adjudging that the liens did not exist. If the alleged lienholders should subsequently attempt to subject the property, this judgment would afford the purchaser and his assignee ample protection, since, the alleged lienholders would be relegated to the bonds referred to for the satisfaction of any indebtedness due them.

It follows, therefore, that the chancellor erred in sustaining the exceptions to the report of sale after having entered judgment adjudging that neither Hancock nor the Monroe Company had a lien upon the property sold.

Judgment reversed for proceedings consistent with this opinion.