Robert W. FIELD and Glendora Field, his wife; Helen Field, Elizabeth Field, William O. Field, Clark G. Field, Phillip S. Field, Caroline Field, Widow and children of Robert E. Field, deceased; Nell P. Field, Individually and as Executrix of the Estate of Robert W. Field, deceased; Richard S. Lemmon and Anne E. Lemmon, his wife, Individually and as Executor of the Estate of Nannie Field Lemmon, Patrick Lemmon, Widowed, Children of Nannie Field Lemmon, deceased; Sarah Smith Augustus and Raymond Augustus, her husband; Dorothy Cody Smith Fothergill and Albert Fothergill, her husband; Donna Smith Gensheimer and Henry Gensheimer, her husband; Children of Susan Field Smith, deceased; and Thomas R. James, Appellants,

v.

Frances W. EVANS, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1983.

Rehearing Denied March 9, 1984.

Discretionary Review Denied by Supreme Court June 27, 1984.

John R. Leathers, Lexington, John B. Anderson, Philip B. Hayden, Anderson & Hayden, Thomas O. Castlen, Owensboro, for appellants.

George S. Thacker, Owensboro, for appellee.

Before HAYES, C.J., and WHITE and HOGGE, JJ.

WHITE, Judge.

This action appeals from the overruling of a CR 60.02 motion by the Daviess Circuit Court. We affirm.

In 1977 a quiet title action was filed by heirs of J.W.M. Field's estate. This concerned a 28-acre tract of land which had been purchased in 1945 from the estate's trustee and held pursuant thereto for the ensuing years by Frances W. Evans. The matter was interrelated with another from which it was separated in 1979 for trial. No action was taken for two-and-a-half years by the Fields to prosecute the case; therefore, in 1981 the Daviess Circuit Court dismissed it with prejudice. This was affirmed by the Court of Appeals, and discretionary review was denied by the Supreme Court.

A CR 60.02 motion was subsequently offered in which it was asserted:

The nonresident defendants herein are indispensable parties to this action in that they all have an interest in the real estate which is the subject matter of this action; and the Court has no jurisdiction to enter a final judgment herein for the reason that the nonresident defendants were served by constructive service of process under CR 4.04(8) and such service will not support a personal judgment.

(Certain persons with interests comparable to the plaintiffs below had been included as defendants to compel their joinder. It was anticipated that once jurisdiction over them was assumed, the Court would properly realign the parties.)

It was further argued that KRS 454.210 (the long-arm statute) rather than CR 4.04 (the warning order procedure) was the proper tool for obtaining personal jurisdiction over the nonresidents. (We do not challenge the proposition that for personal jurisdiction long-arming is required. The question, as will be discussed below, is whether this is a matter *in personam* rather than *in rem, i.e.* was constructive service satisfactory.) The motion was overruled, hence this appeal.

A present shift of attorneys has brought a refining of the CR 60.02 arguments rejected below. We are asked first to accept that this was an *in personam* matter, thereby requiring personal jurisdiction. Accepting this, we are told that the "missing" (constructively served) parties were indispensable. Finally, it is asserted that a defect in personal jurisdiction resulting in an adjudication in the absence of an indispensable party is a defect in subject matter jurisdiction, a defect which, in contrast with personal jurisdiction, cannot be waived and can be raised at any point in the proceedings, even by the party who originally invoked the jurisdiction of the Court. *Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), and *American Fire & Casualty v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Interspersed therein is the additional argument that the quiet title statute, KRS 411.120, is void due to a lack of a sufficient notice provision.

Concerning this last matter, it is cited that the statute carries no provision for notice, the historic assumption being that this was an *in rem* matter which could be handled through the warning order procedure of CR 4.04 or 4.05. It is argued, however, that notice distinctions between *in rem* and *in personam* actions were abolished by *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The absence, therefore, of an *in personam* notice provision is asserted to render KRS 411.120 unconstitutional resulting in a void judgment herein.

In response to this argument, raised for the first time on the appeal from the denial of the CR 60.02 motion, we would refer appellants to CR 24.03 in which it is clearly stated:

When the constitutionality of an act of the General Assembly affecting the public interest is drawn in question in any action to which the State or an officer, agency, or employe thereof is not a party, the movant shall serve notice of the motion upon the Attorney General.

*See Blake v. Woodford Bank & Trust Company*, Ky.App., 555 S.W.2d 589 (1977), in which the Court refused to consider the issue of constitutionality when the Attorney General had not received notice.

██ Nothing in the record indicates that the Commonwealth's Attorney General has been given notice of the pendency of this present action. This defect is just as egregious as appellants would have the alleged failure of notice to the nonresidents to be.

We would, however, also refer appellants to *Richardson v. Brunner*, Ky., 356 S.W.2d 252, 253 (1962), in which under a CR 60.02 motion it was also alleged that

the applicable statute was unconstitutional and the resulting judgment void:

> This ground is without merit because it is the rule in Kentucky, and the virtually unanimous rule of other jurisdictions, that a judgment based upon or rendered under an unconstitutional statute is not void. *Commonwealth ex rel. Dummit v. Jefferson County*, 300 Ky. 514, 189 S.W.2d 604, 167 A.L.R. 512; 30 Am.Jur., Judgments, sec. 19, p. 172. So Richardson's motion under CR 60.02 could not put in issue the question of the constitutionality of the statute.

Returning to the three-pronged general argument before us, in order to establish this as an *in personam* rather than an *in rem* action, appellants argue enthusiastically that because of the absence of the element of possession required under KRS 411.120, this more properly was a declaration of rights matter under KRS 418.040, for which personal jurisdiction and joinder of all interested parties is required. KRS 418.075, *Herbert C. Heller & Co. v. Hunt Forbes Const. Co.*, 222 Ky. 564, 1 S.W.2d 970 (1928).

This attack upon the characterization of the case is one first raised at the CR 60.02 level although it was certainly available below. (Appellants urge that because the nonresidents were not personally before the Court, the argument was not available to them. Their presence is addressed *infra*.)

> In those instances where grounds relied upon for relief under a 60.02 motion are such that they were known or could have been ascertained by the exercise of due diligence prior to the entry of the questioned judgment, then relief cannot be granted from the judgment under a 60.02 proceeding. Relief afforded by a 60.02 proceeding is extraordinary in nature and should be related to those instances where the matters do not appear on the face of the record, were not available by appeal or otherwise, and were discovered after rendition of the judgment without fault of the party seeking relief. *Board of Trustees of Policemen's & Firemen's Retirement Fund of the City of Lexington v. Nuckolls*, Ky., 507 S.W.2d 183, 186 (1974).

It is further suggested that *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), dissolved the distinction between *in rem, quasi in rem,* and *in personam* actions as to mandate personal jurisdiction even in traditionally *in rem* considerations. It is true that *Shaffer* states that mere property within a state does not convey jurisdiction; however, the caveat is that such is true *if* "the only role played by the property is to provide the basis for bringing the defendant into court." 433 U.S. 209, 97 S.Ct. at 2582.

■ Herein, the property in Daviess County was not merely the basis for bringing the nonresident defendants into court but rather, as acknowledged in appellants' CR 60.02 motion, was "the subject matter of this action." Consequently, any blurring *Shaffer* may have created in other instances is inapplicable to our present facts. Constructive service through the warning order procedure was proper for the nonresidents.

On the matter of the late filing of the warning order report, *First Owensboro Bank & Trust Co. v. Wells*, 282 Ky. 88, 137 S.W.2d 732 (1940), is dispositive.

■ Having failed to create an *in personam* action, appellants are unable to reach the other two prongs of their arguments, *i.e.* that personal jurisdiction over indispensable parties was absent resulting in an adjudication void for a defect in subject matter jurisdiction.

Accordingly, the Daviess Circuit Court Order overruling appellants' CR 60.02 motion is affirmed.

All concur.