# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

F L E D

**December 10, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

JAMES R. REYNOLDS,          )
          )
      Plaintiff/Appellant,      )
          )
          )   Davidson Chancery
VS.          )   No. 96-801-II
          )
          )   Appeal No.
TENNESSEE BOARD OF PAROLES,   )   01A01-9701-CH-00016
et al.,          )
          )
      Defendants/Appellees.   )

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

### THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

For Plaintiff/Appellant:          For Defendants/Appellees:

James R. Reynolds          John Knox Walkup
Pro Se          Attorney General and Reporter

                          John R. Miles
                          Counsel for the State

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves an inmate's challenge to the denial of his application for parole by the Tennessee Board of Paroles. After serving approximately ten years of a 35-year sentence for aggravated rape, the inmate filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County asserting that the Tennessee Board of Paroles was illegally and arbitrarily declining to honor his plea bargain agreement. The trial court dismissed the petition on the grounds that it failed to state a claim upon which relief could be granted and because it was not timely filed. The inmate has appealed pro se. We concur that the petition was not timely filed and affirm its dismissal in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

In December 1984, James R. Reynolds sexually abused his then seven-year-old daughter and six-year-old son. After his daughter complained to one of her teachers, the Coffee County Sheriff arrested Mr. Reynolds, and Mr. Reynolds was later charged with two counts of aggravated rape. Mr. Reynolds and his appointed counsel later negotiated a plea agreement, and on January 23, 1986, Mr. Reynolds pleaded guilty to aggravated rape in the Criminal Court for Coffee County and was sentenced to thirty-five years in the custody of the Department of Correction as a Range 1, standard offender. Mr. Reynolds is currently incarcerated in the Lake County Regional Correctional Facility. The Tennessee Board of Paroles considered Mr. Reynolds for parole in September 1990 and again in June 1993 but on each occasion declined to release him on parole.[2]

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Mr. Reynolds also asserts in his reply brief that the Board of Paroles declined to parole him in September 1996 while this litigation was pending.

On March 12, 1996, Mr. Reynolds filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County. He alleged that during the 1986 negotiations for his plea agreement, he and the District Attorney General agreed that he would only be required to serve ten and one-half years in prison and that this time could be further shortened by whatever sentence reduction credits he earned while incarcerated. He characterized this agreement as a legally binding contract and requested the Court to order the Board of Paroles to release him on parole.[3] When the Board moved to dismiss his petition, Mr. Reynolds filed his own motion for summary judgment. On August 28, 1996, the trial court entered an order dismissing the petition for failure to state a claim upon which relief can be granted and because the petition was not timely filed.

## II.

The controlling issue on this appeal is the timeliness of Mr. Reynolds's petition for common-law writ of certiorari. Tenn. Code Ann. § 27-9-102 (1980) requires that a petition for writ of certiorari be filed within sixty days from the entry of the order or judgment complained of. The failure to file a petition within the time allowed by statute prevents the trial court from whom the writ is sought from exercising jurisdiction over the petitioner's claim. *See Thandiwe v. Traguhber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994); *Wheeler v. City of Memphis*, 675 S.W.2d 4, 6 (Tenn. Ct. App. 1984).

Mr. Reynolds's last hearing before the Board of Paroles occurred on or around June 15, 1993. Although a copy of the order denying Mr. Reynolds parole is not in the record, Mr. Reynolds's sworn petition states that "[o]n June 15, 1993, the members of the Tennessee Board of Parole . . . refused to honor the contract the State made with the Petitioner." Thus, for the purpose of this appeal, we will presume that the Board acted on the date identified in Mr. Reynolds's petition. Using this date as a beginning point, it is inescapable that Mr. Reynolds's petition for writ of certiorari

---

[3]Mr. Reynolds provided none of the independent corroborating evidence of this agreement described in *Ringling v. Tennessee Bd. of Paroles*, No. 01A01-9708-CV-00416, 1997 WL 718419, at *3 (Tenn. Ct. App. Nov. 19, 1997), *perm. app. dismissed*, (Tenn. May 26, 1998).

filed in March 1996 came two years too late and that the trial court properly dismissed the petition for not being timely filed.

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required.  We tax the costs of this appeal to James R. Reynolds for which execution, if necessary, may issue.


_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE