## Jefferson County Fiscal Court et al. v. Trager, County Tax Com'r, et al.

May 21, 1946.

362

J. Donald Dinning for appellee George C. Trager, County Tax Commissioner.

Roy W. House, Assistant Attorney General, for appellees Department of Revenue, O. M. Howard, Commissioner of Revenue, and Department of Finance, Clarence Miller, Commissioner of Finance.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming in part, reversing in part.

Appellee, George C. Trager, Jefferson County Tax Commissioner, instituted this action under Sections 639a—1 to 639a—12, inclusive, of the Civil Code of Practice, seeking a declaration of his right to receive Three Thousand Dollars ($3,000) per annum from the general fund of Jefferson County, as its contribution to the salaries of the Commissioner's assistants, under the provisions of KRS 132.590(5). The pertinent part of that section provides:

"* * * In any county assessing more than one hundred million dollars in taxable property, the county shall allow and pay to the county tax commissioner from its funds, for assistants, three thousand dollars. In any county assessing more than thirty-five million dollars in taxable property, the county shall allow and pay to the county tax commissioner from its funds, for assistants, one thousand five hundred dollars."

Appellants, the Jefferson County Fiscal Court and its members, filed their answer and counterclaim, which presented certain specific issues it is unnecessary to notice at this time. The Chancellor declared the rights of the parties, and decreed the Tax Commissioner to be entitled to receive the Three Thousand Dollars from the Fiscal Court. On appeal, the case was remanded, because, the constitutionality of a statute being involved, copies of the pleadings should have been, but were not, served on the Attorney General of the State; and the Department of Finance and Department of Revenue of the Commonwealth were necessary parties to the action, but had not been served with process. Jefferson County Fiscal Court et al. v. Trager, 300 Ky. 606, 189 S. W. 2d 955. On return of the case, these omissions were remedied and the issues hereinafter set out were made. The Court again concluded Jefferson County to be liable as aforesaid, and upheld the Departments of Finance and Revenue in their contention that fees collected in excess of the requirements of the office of the Tax Commissioner were payable to the general fund of the Commonwealth, contrary to the contention of the County that such excess fees were payable to it. For the sake of brevity, we will not detail the various arguments, but will discuss only the questions which we conceive to be necessary for the purpose of rendering a correct decision.

The question of whether the county or the state is entitled to the excess fees of the office turns upon whether the County Tax Commissioner is a county or a state officer. In pursuance of Section 104 of the Constitution, the Legislature has abolished the office of County Assessor, and enacted a comprehensive method for the assessment of property for state, county, and city purposes. KRS, Chapters 132 and 133. All property in the Commonwealth is assessed under the direct supervision of the Department of Revenue, irrespective of the county in which it is situate. For the purpose of facilitating

this work, the Legislature has divided the state into one hundred twenty assessing districts, which were made conterminous with the boundaries of the one hundred twenty counties of the Commonwealth. The Acts provide for a tax commissioner to be elected by each of the districts; but his work is regulated and supervised by the Department of Revenue. It is his duty to assess for the state all taxable property in his, or such other, district as the Department of Revenue may command; he then shall file schedules of his assessments with the Department of Revenue, which may make such change as it deems to be necessary to correct any or all of the assessments. After the Department of Revenue has made the necessary corrections, or, without change, has approved the assessments, the schedules shall be returned to the Tax Commissioner, and shall remain open for inspection in his office for a period of fifteen days. Any taxpayer aggrieved by an assessment may appeal to the Board of Supervisors of the county; and any taxpayer feeling himself aggrieved by the final action of the Board of Supervisors, the Tax Commissioner, the County Judge, the Department of Revenue, the finance officer of any city using the state assessment, or the superintendent of any school district in which property is located that was reviewed by the Board of Supervisors, may appeal to the Circuit Court, or to the Kentucky Tax Commission. Appeals may be had from the Circuit Court to the Court of Appeals, or from the Tax Commission to the Franklin Circuit Court, by any of the above named parties feeling aggrieved at the assessment or assessments thus far made. As a prerequisite to the Tax Commissioner's right to declare for the office, he must successfully complete an examination conducted by the Department of Revenue. His entire compensation, in the form of fees, is paid out of the State Treasury, and the Department of Revenue may require him to perform duties in districts other than the one in which he was elected. In 42 Am. Jur., Sec. 20, page 895, it is said:

"* * * A state officer has been defined as one whose field for the exercise of his jurisdiction, duties, and powers is coextensive with the limits of the state, and extends to every part of it. But in a more enlarged legal sense, he is one who receives his authority under the laws of the state, and whose duties concern the state at large or the general public, even though they may be

exercised in a territory not coextensive with the state. * * * "

And in the same volume, Section 21, page 896:

" * * * On many occasions it is a convenient arrangement to have the state officers chosen by the electors of the municipality within which they are to perform their duties, for the reason that the people of small territorial divisions are most likely to know the qualifications of those from among whom the selection is to be made. When chosen, they may be public officers of the state as truly as its highest official functionaries, provided their duties do not concern the strictly corporate interests of the municipalities. * * * "

Thus it will be seen that every officer who performs duties for the state is not ipso facto a state officer; but where the officer is paid by the state, whose duties concern the state at large and may be required to be exercised in territory coextensive with the state, and whose duties must be performed under the direct supervision and regulation of a centralized administrative department of the state, he actually is a divisional official of the department itself, and, consequently, a state officer. The mere fact that his work inures to the benefit of a municipality does not change the character of his office.

From what we have said, it will be seen that the County Tax Commissioner is a state, and not a county, officer. That being true, all fees in excess of the legal requirements of the office, and constitutional and statutory limitations on salaries, may be retained in, or covered back into, the state treasury. Consequently, the portion of KRS 132.630 which requires such excess fees in counties containing a city of the first class to be paid into the state treasury is not subject to the criticism that it is local legislation inhibited by Sections 59 and 60 of the Constitution. It is merely declaratory (for counties containing a city of the first class) of the general law applicable to all counties of the Commonwealth.

KRS 132.590, Subsection 5, supra, attempts to require counties assessing more than One Hundred Million Dollars in taxable property to contribute Three Thousand Dollars per annum to the office of the County Tax Commissioner, to help defray the expenses of the taxing district which is conterminous with such counties' boundaries, and to require counties assessing less

than One Hundred Million Dollars, but more than Thirty-Five Million Dollars, in taxable property to pay to the County Tax Commissioner for such purposes the sum of One Thousand Five Hundred Dollars per annum. But it exonerates, by implication, all counties assessing less than Thirty-Five Million Dollars in taxable property from any participation in defrayment of the expenses of the County Tax Commissioner. Counties may be classified, and special laws enacted for their government, where the subject being dealt with has special applicability to the particular class to which it relates; but where there is no sound basis for applying the special legislation to the particular class, the attempt so to do violates Sections 59 and 60 of the Constitution.

We deem it unnecessary to expound further the principles which control the many and various decisions upon this question, because they have been carefully and elaborately discussed in many previous opinions rendered by this Court. Board of Education of Woodford County v. Board of Education of Midway Independent Graded Common School Dist., 264 Ky. 245, 94 S. W. 2d 687, and cases therein cited, particularly Community Hospital v. Barren County Fiscal Court, 244 Ky. 672, 52 S. W. 2d 896. That portion of KRS 132.590, Subsection 5, which requires counties containing cities of the first class to contribute to the expense of the office of County Tax Commissioner, could be upheld only on the theory that such counties reap a benefit from the office which is not common to the other counties of the Commonwealth. But every county reaps a commensurate benefit with that of Jefferson County; and to require one county to pay for this benefit, and other counties to be exonerated from the payment for it, is discriminatory and violative of the sections of the Constitution referred to above. Had the Legislature required all counties to make some contribution, it would have been within its constitutional right in graduating the scale of the contribution in accordance with the quantum of benefit received, but this it did not do.

The lower Court properly decided that all fees in excess of the legal requirements of the County Tax Commissioner's office should be retained by, or returned to, the Commonwealth for the benefit of its general fund, and, to that extent, the judgment is affirmed. But the Court erred in his decision that the County Tax Com-

missioner is entitled to receive Three Thousand Dollars per annum from the Jefferson County Fiscal Court to help defray the expenses of his office; and, to that extent, the judgment is reversed, with the direction that another be entered in conformity with this opinion.