**BARNES et al. v. BARNES et al.**

Court of Appeals of Kentucky.

Aug. 27, 1951.

994

A. E. Funk, Atty. Gen., M. B. Holifield, Asst. Atty. Gen., for appellants.

R. Campbell Van Sant, Richard L. Latimer Frankfort, for Vego E. Barnes, Com'r of Economic Security.

Wm. A. Young, Frankfort, for Franklin County and Kelly C. Smither.

STANLEY, Commissioner.

The question presented is whether in the case of a circuit court clerk and his deputies the Commonwealth or the several counties taking appropriate action are liable for the payment of the employer's portion of taxes or contributions under the Old Age and Survivor Insurance Statute and provisions of the Federal Social Security Act, 42 U.S.C.A. § 401 et seq., ch. 1, Acts of 1951, Extra Session. In Shamburger v. Commonwealth, Ky., 240 S.W.2d 636, we held the state to be liable for the circuit clerk in Jefferson County and other counties having a population of more than 75,000. The decision rests upon special provisions of the Constitution and statutes relating to the payment of compensation of court clerks and other officers in that class.

The present case is by the Commissioner of the Department of Economic Security of the Commonwealth against the acting Commissioner of Finance, the State Treasurer, and Franklin County and Kelly C. Smither, clerk of the Franklin Circuit Court, as representatives of other counties and clerks. The plaintiff, the county and the clerk take the position that circuit clerks and their deputies are state officers. The Attorney General submits that the several counties are liable for the tax. The trial court declared that the circuit clerks in all counties other than Jefferson, Fayette, Kenton, Campbell and Pike (which have a population of more than 75,000) are state officers and perform no duty for the county as such; and that their deputies are employees of the state within the purview of the State Social Security Act.

There can be no absolute or clear line of distinction drawn between some offices as being wholly state or wholly county by considering the conditions of the election of the officers or their functions. In most instances their services are for both the state and county. Circuit courts are established by and for the state and are state tribunals whether the territory or jurisdiction is confined to one county or more as a district. It is a wise, convenient and democratic arrangement to have the judges and the clerks elected by the people of the territories within which they perform their duties, but the fact of territorial election does not change the character of the office. Cf. Jefferson County Fiscal Court v. Trager, 302 Ky. 361, 194 S.W.2d 851.

There is a circuit clerk for each county, elected by the people thereof. Constitution, secs. 97, 125 et seq. There can be no quibble over the proposition that the court is a state tribunal. The office of clerk is an essential attribute. The holder is a ministerial officer thereof, though he is authorized to perform limited acts of a judicial nature incidental to his ministerial duties, such as issuing orders of attachment and temporary injunctions, and appointing guardians ad litem and nonresident attorneys. Civil Code of Practice, secs. 59, 196, 273. See Payton v. McQuown, 97 Ky. 757, 31 S.W. 874, 31 L.R.A. 33; Monroe's Guardian ad Litem v. Monroe, 215 Ky. 440, 285 S.W. 250.

The major part of the clerk's compensation is received from litigants. But he is paid substantial fees by the Commonwealth, among which may be noted those covered by KRS 28.180, and 64.020. But in his capacity as clerk he receives no compensation from the county except where it is a litigant. Concerning compensation received as county law librarian, KRS 172.110, or, occasionally, as a substitute member of the County Board of Election Commissioners, KRS 116.040, 116.060, we do not think the state is liable for the social security contributions which are based upon the compensation. These services are not rendered in his capacity as circuit court clerk. The conclusion of the state's liability in the Shamburger case was largely controlled by the fact that the state was the paymaster and the source of compensation of the Clerk of the Jefferson Circuit Court. While most

of the other clerks' compensation comes directly from litigants, the services are not performed as an individual but as a public officer, and the statutory method of collecting fees from the parties is a substitute for a salary based upon those services.

The Shamburger case also holds that the Master Commissioner and Receiver is an attache of the court and the state is liable for social security contributions for him even though he retains the fees of his office until a certain maximum shall be reached. The same conclusion must be had in respect to circuit court clerks.

With the indicated exceptions of compensation received from the counties, the judgment is Affirmed.