**ESTILL COUNTY BOARD OF EDUCATION et al., Appellants,**

v.

**Bobby L. ROSE, Appellee.**

No. F–272–71.

Court of Appeals of Kentucky.

Dec. 6, 1974.

Rehearing Denied Feb. 21, 1975.

P. J. Flaherty, Shumate, Shumate & Flaherty, Irvine, for appellants.

Charles R. Coy, Coy & Coy, Richmond, for appellee.

CATINNA, Commissioner.

The Estill County Board of Education; Donald Williams and Wayne Gentry, two of the five members of the board; and Buford T. Horton, superintendent of the board, appeal from a judgment of the Estill Circuit Court, holding that Bobby L. Rose, a teacher in the school system, was entitled either to continuing-service status, generally referred to as tenure status (KRS 161.740), or a limited contract for the school year 1971–72 (KRS 161.750).

Rose was first employed as a teacher by the Estill County Board of Education for the 1958–59 school year and was continuously employed until his resignation was accepted on August 4, 1966. Prior to his resignation, Rose had acquired tenure status by meeting the qualifications enumerated in KRS 161.740.

During the 1966–67 school year Rose was employed by the Lee County Board of Education. However, commencing with the 1967–68 school year Rose was reemployed by the Estill County Board of Education on a limited contract. This employment, by means of the limited contract, continued during the school years 1968–69, 1969–70, and 1970–71.

On May 14, 1971, Buford T. Horton, superintendent of the Estill County Board of

Education, handed Rose a letter which read as follows:

"May 14, 1971

Mr. Bobby L. Rose, Director
Pupil Personnel
Estill County Schools
Irvine, Kentucky

Dear Mr. Rose

Pursuant to KRS 161–750, [161.750] please be informed that you will not be recommended for employment in the Estill County School System for the 1970–1971 school term.

Sincerely

/s/ Buford T. Horton"

When the board did not reemploy Rose, he filed this declaratory-judgment proceeding claiming that he was entitled, as a matter of law, to continuing-service (tenure) status or, in the alternative, a limited contract for the 1971–72 school year.

KRS 161.740(1)(b) provides:

"(1) Teachers eligible for continuing service status in any school district shall be those teachers who meet qualifications listed in this section:

\*　　\*　　\*　　\*　　\*　　\*

(b) When a currently employed teacher is recommended for reemployment after teaching four (4) consecutive years in the same district, or after teaching four (4) years which shall fall within a period not to exceed six (6) years in the same district, the year of present employment included, the superintendent shall recommend said teacher for a continuing contract, and, if the teacher is employed by the board of education, a written continuing contract shall be issued."

Rose contends that a determination of his entitlement to continuing-service status requires that his years with the Estill County School System prior to his resignation on August 4, 1966, be considered on the question of whether he served the number of years necessary for tenure under KRS 161.740(1)(b). Employing this method of computation, Rose claims that after completion of the 1967–68 school year he had served the necessary probationary period and was entitled to continuing-service status.

KRS 161.720(4) provides:

"The term 'continuing service contract' shall mean a contract for the employment of a teacher which shall remain in full force and effect until the teacher resigns or retires, or reaches the age of 65, or until it is terminated or suspended as provided in KRS 161.790 and 161.800."

■ The board, relying on this section of the statute, claims that resignation effects a final termination of all existing aspects of tenure-status eligibility. Rose would be required under this theory to again meet all the qualifications enumerated in KRS 161.740. Only those years served after the date of his resignation could be used in determining whether he had met the requirements of KRS 161.740(1)(a). The statute does not lend itself to this construction. Eligibility is conditioned on the requirement that Rose must have taught four consecutive years, or four years out of six, in the same district, the only statutory limitation being that the years taught must all have been in the same district. Rose had been employed by the Estill County Board of Education from the 1958–59 school year through the 1970–71 school year, except for the 1966–67 school year.

■ The benefits of KRS 161.740(1)(b) are available only to a "currently employed teacher." Consequently, after Rose completed the 1967–68 school year, he became entitled upon employment for the 1968–69 school year to a continuing-contract (tenure) status. When the limited contract for the school year 1970–71 was given Rose, he had been teaching for more than the four years required and was entitled under the

law to a continuing-service contract. When Rose was given the letter of May 14, 1971, he had already achieved a continuing-service status. His employment could be terminated only by the board's complying with the requirement of KRS 161.780. Cf. Moore v. Babb, Ky., 343 S. W.2d 373 (1961).

In view of our holding that Rose had previously acquired a continuing-service (tenure) status, we do not reach the question of the adequacy of the notice necessary to avoid the automatic renewal of a limited contract.

The judgment is affirmed.

All concur.