Robert Lane CARPENTER, Movant,

v.

BOARD OF EDUCATION OF OWSLEY COUNTY, Kentucky, et al., Respondents.

Supreme Court of Kentucky.

May 22, 1979.

Arthur L. Brooks, Lexington, for movant.

Kendall Robinson, Booneville, for respondents.

CLAYTON, Justice.

Robert Lane Carpenter was a teacher in the Fleming County School District for six successive school years until his resignation in 1972. He taught in the Bracken County School District during the 1972–73 school year, resigned, and did not teach the following year. He began employment in the Owsley County School District in August 1974 and taught for three consecutive school years. The Owsley County Board of Education notified Carpenter that he would not be reemployed for the 1977–78 school year due to reorganization in the school district. Carpenter commenced this action in the Owsley Circuit Court, alleging that he had continuing service status and was therefore entitled to a written statement of the charges against him and a pretermination hearing. See KRS 161.790. The Owsley Circuit Court granted summary judgment in favor of the school board, and the Court of Appeals affirmed. Discretionary review was granted by this court to interpret KRS 161.740(1)(c), which sets forth the conditions under which a teacher with continuing service status in one school district can retain that status upon employment in another district.

Continuing service status, or tenure, is acquired when a properly certified and currently employed teacher is reemployed after teaching either four consecutive years or four of six consecutive years in the same school district. KRS 161.740(1)(a)–(b). A continuing service contract remains in force

until the teacher resigns or retires, or until terminated or suspended. KRS 161.720(4).

Movant Carpenter undoubtedly attained continuing service status by operation of law under KRS 161.740(1)(b) by teaching for six successive school years in the Fleming County School District. That status ended, however, under KRS 161.720(4) when movant voluntarily resigned in 1972. Movant contends on this appeal that he obtained tenure in Owsley County immediately upon his employment there by virtue of KRS 161.740(1)(c), which reads:

> When a teacher has attained continuing contract status in one (1) district and becomes employed in another district, said teacher shall retain that status provided, however, that a district may require a one-year probationary period of service in that district before granting that status.[1]

The Court of Appeals was correct in deciding that any continuing service status held by movant was terminated by his resignation in Fleming County. Movant could not by way of KRS 161.740(1)(c) "retain" in Owsley County a status he did not hold at the time of his employment there.

The Court of Appeals was incorrect, however, in reasoning that movant could regain tenure by returning to Fleming County for a probationary period of one year. This misconception was apparently based on a misreading of *Estill County Bd. of Educ. v. Rose*, Ky., 518 S.W.2d 341 (1975). In that case Rose was employed by the Estill County Board of Education from 1958 to his resignation in 1966. He taught in Lee County during 1966–67, resigned, and returned to teach in Estill County the following year. Although his 1966 resignation terminated his continuing service contract, the court held that Rose was nevertheless entitled to continuing service status upon completion of the 1967–68 school year because he was employed in the same school district for four of six consecutive years, thus meeting the conditions of KRS 161.-740(1)(b). *Rose* is inapplicable to the case

at bar since movant, were he to return to Fleming County, would not fall under the four out of six years provision.

The only manner in which movant can obtain tenure is to comply with KRS 161.-740(1)(b) anew. KRS 161.740(1)(c) is simply not available to movant, who due to his resignation in Fleming County had no continuing service status to retain upon his employment in Owsley County. The effect of our decision is to limit the availability of KRS 161.740(1)(c) to those teachers who currently hold tenure at the time of their employment in another district. We remind those who may find this result unsatisfactory that "[o]ur function in interpreting statutes is limited to analyzing and applying what the legislature has said, and does not extend to psychoanalyzing the legislature and applying what it may have meant to say. Cries for modification should be addressed to the legislature." *Apache Coal Co. v. Fuller*, Ky., 541 S.W.2d 933, 935 (1976).

The decision of the Court of Appeals upholding the judgment of the trial court is affirmed.

All concur.

---

1. Since movant's employment in Owsley County began in August 1974, we will apply KRS 161.740(1)(c) as amended, effective June 21, 1974.