**BOARD OF EDUCATION OF BELLE-VUE, Kentucky, Movant,**

v.

**Richard ROTHFUSS, Respondent.**

**Richard ROTHFUSS, Movant,**

v.

**BOARD OF EDUCATION OF BELLE-VUE, Kentucky, Respondent.**

Supreme Court of Kentucky.

Aug. 31, 1982.

Rehearing and Modification Denied
Oct. 28, 1982.

Beverly R. Storm, Jolly & Blau, Newport, for Board of Educ. of Bellevue, Kentucky, et al.

John Frith Stewart, Kenneth L. Sales, Dennis Franklin Janes, Segal, Isenberg, Sales & Stewart, Louisville, for Richard Rothfuss.

STERNBERG, Justice.

This action involves teacher tenure. Rothfuss was employed by the Board of Education of Bellevue, Kentucky, in 1971 and worked through the 1975–76 school year. His work record reflects the following positions in which he was employed:

1971–72: Half-day assistant principal and assistant football coach;

1972–73: Principal and assistant football coach;

1973–74: Principal and assistant football coach;

1974–75: Principal;

1975–76: Teacher of physical education, teacher of driver education, and head football coach, all under a written limited contract of employment for a period of one year.

At the April 14, 1975, meeting of the Board, the superintendent recommended that Rothfuss be demoted from principal to the position of teacher and football coach, with a substantial reduction in salary. At the May, 1976, meeting of the Board, acting pursuant to the recommendation of the superintendent, the teaching contract of Rothfuss was not renewed. As a result of this action by the superintendent and the Board, Rothfuss filed suit in the Campbell Circuit Court against the superintendent, the Board of Education, and the Board members Snyder, Duty and Culp in their official and unofficial capacities. He sought to invoke the provisions of 42 U.S.C. Sec. 1983 for the recovery of money damages and injunctive relief. Rothfuss charged violation of his due process rights guaranteed to him under the United States Constitution and the Kentucky Constitution, as well as charging a failure on the part of the Board to comply with KRS 161.790 and KRS 161.765.

The trial court granted summary judgment against Rothfuss holding that the 1971–72 contract for part-time employment did not accrue a year's eligibility toward a continuing service contract (KRS 161.-740(1)(b); KRS 161.720(2)) and dismissed Rothfuss' complaint. On appeal to the Court of Appeals of Kentucky, that court held that the summary judgment was premature as there existed a genuine issue of fact. CR 56. The judgment of the Campbell Circuit Court was reversed and the action was remanded for a hearing on the merits of all issues.

On a rehearing the trial court, on January 9, 1980, entered the following order and judgment:

"IT IS ORDERED AND ADJUDGED that the plaintiff recover of the defendant, the Board of Education of the City of Bellevue, the difference between the amount he received in salary as teacher for the 1975–76 school year and the amount he would have received for the same school year as principal, including his coach salary. This amount is $2483.00, with legal interest thereon from date of Judgment.

IT IS FURTHER ORDERED AND ADJUDGED that the Complaint be dismissed as to the defendants, members of the Board of Education as individuals and the defendant, Superintendent of Schools.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff, having been required to bring this action to collect sums due him and having prevailed in part, the burden of costs shall be shared equally between the plaintiff and the defendant, Bellevue Board of Education."

On appeal to the Court of Appeals of Kentucky from the January 9, 1980, order and judgment of the Campbell Circuit Court, the action was affirmed in part and

reversed in part. The Court of Appeals held that (1) the trial court erred in determining that Rothfuss had not attained tenure status as of the time he was employed for the 1975–76 school year; (2) it affirmed the action of the trial court in adjudging that Rothfuss was improperly demoted at the completion of the 1974–75 school year, in that the demotion was not in keeping with the provisions of KRS 161.765; (3) it remanded the question of damages so as to permit proof on Rothfuss' failure to mitigate damages; and (4) it held that the Board had not violated any of Rothfuss' United States or Kentucky constitutional rights. Both the Board's motion and Rothfuss' motion for review by this court were granted on February 9, 1982, and will be considered together and disposed of in one opinion.

First, we shall take up the issue of whether Rothfuss had attained tenure status as of the time he was employed for the school year 1975–76. KRS 161.740(1)(b) provides as follows:

"Eligibility for continuing service status—Transfer teachers—Reinstatement after service in armed forces—(1) Teachers eligible for continuing service status in any school district shall be those teachers who meet qualifications listed in this section:

(b) When a currently employed teacher is recommended for reemployment after teaching four (4) consecutive years in the same district, or after teaching four (4) years which shall fall within a period not to exceed six (6) years in the same district, the year of present employment included, the superintendent shall recommend said teacher for a continuing contract, and, if the teacher is employed by the board of education, a written continuing contract shall be issued."

■ This issue brings into sharp focus the question of whether Rothfuss is entitled to credit toward attaining continuing contract status for the service he contracted to perform during the 1971–72 school year. He was a one-half day assistant principal, along with being the track coach and the assistant football coach. We must face the proposition of whether tenure is derived from the position or positions he held or whether tenure is derived from hours of service contracted to be performed. If tenure is dependent upon the hours contracted to be spent in his employment, then any number of hours from one to 24 will qualify the teacher for credit toward full tenure. On the other hand, if tenure is dependent upon carrying out the duties of the employment contract, then, and in that event, any number of hours expended in his position which are appreciably less than the regular school hours will not grant credit toward a continuing service contract. Thus, even though Rothfuss occupied the high position of principal of Middle School, his contract as such required him to expend hours appreciably less than a regular school day and his contract did not accrue credit toward tenure. It would be unequal treatment to the teachers in the profession to give special treatment to selected teachers by special contracts of employment, thereby in effect ignoring the provisions of KRS 161.-740(1)(b). This is the very thing that the Teachers Tenure Act was designed to eliminate. Although the Teachers Tenure Act is a creature of the legislature and what the legislature giveth the legislature can taketh away, if the legislature desires a result different from what is expressed herein, it can consider the issue in due time. We simply hold that a contract of employment for a period of time other than a regular school year, except for excused absences, does not qualify the teacher toward continuing contract status.

Since Rothfuss' contract for the 1971–72 school year could not be used in computing tenure, he was not eligible for a continuing contract.

■ We next turn our attention to whether Rothfuss was improperly demoted at the end of the 1974–75 school year from principal to teacher of driver education, teacher of physical education, and head football coach for the 1975–76 school year. Rothfuss argues that his demotion must have been in strict compliance with KRS

161.765. He invokes the aid of 42 U.S.C. Sec. 1983 in presenting his claim that his due process rights guaranteed to him both under the United States Constitution and the Kentucky Constitution have been violated. 42 U.S.C. Sec. 1983 provides as follows:

"Sec. 1983. Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

It is apparent that this statute deals with a deprivation of some right. To come within the provisions of this statute, Rothfuss must either presently have a right that is being circumvented or a right that is proposed to be circumvented. Rothfuss did not have a continuing service teaching contract nor was he entitled to such a contract for the school year 1975–76. Since he had no right to a continuing service contract, he did not have a right cognizable by 42 U.S.C. Sec. 1983.

▪ Rothfuss alleges that the evidence shows that the circumstances surrounding his discharge besmirched his good name, honor and integrity. He claims that because his good name was stigmatized in the course of his demotion, he is entitled to at least a name clearing hearing. Such a hearing, however proper, is strictured in that such conduct complained of must have been carried out in the absence of good faith or carried out with malice. The Court of Appeals held that there is no evidence that the Board or its individual members acted in bad faith, and absent such evidence

Rothfuss was not entitled to additional damages.

This type of action is similar to that which existed in a false arrest action at common law (*Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)) and takes on the aspects of or right of recovery for punitive damages. In *Consolidated Sales Company v. Malone*, Ky., 530 S.W.2d 680 (1975), which was an action by a customer against the store for alleged false imprisonment, this court held that the customer had the burden of proof on the issue of punitive damages.

The record reflects that in 1974 or in the spring of 1975 the Board, in its evaluation of the needs of the whole school system and acting in its official capacity, determined that the Middle School where Rothfuss was teaching, and had been acting as principal, would, for economic reasons, be closed. On April 24, 1975, and again on May 14, 1975, the Board wrote letters to Rothfuss notifying him of this condition. No challenge has been made to the propriety of the Board's decision to close Middle School. This closing brought about reassignment of personnel, including Rothfuss, since his position as principal at Middle School was abolished. He had not at that time attained continuing contract status; however, he accepted employment under a contract for the school year 1975–76. Furthermore, the right of Rothfuss to a continuing contract for the school year 1975–76 was being disputed. Counsel for the Board and the Office of the Attorney General of this Commonwealth both advised the Board that Rothfuss had not at that time qualified for tenure. The issue presented was one of first impression, and the Board, acting on the advice of counsel, did not employ Rothfuss on a continuing contract.

Irrespective of whether proof of bad faith is a prerequisite to a recovery for damages arising out of an alleged besmirching of Rothfuss' good name, his honor or his integrity, there is overwhelming and uncontradicted evidence that the Board and its members and the superintendent were acting in good faith. The Court of Appeals

held that Rothfuss was not entitled to recover damages on this issue, and we concur.

The decision of the Court of Appeals holding that Rothfuss had attained continuing contract status is reversed and the judgment of the Campbell Circuit Court holding that Rothfuss had not attained continuing contract status is affirmed. These actions are remanded to the Campbell Circuit Court for the entry of a judgment in keeping with this opinion.

All concur.