Mary Jean YOUNG, Appellant,

v.

**BOARD OF EDUCATION OF GRAVES COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 30, 1983.

John Frith Stewart, Dennis F. Janes, Louisville, Rickie A. Johnson, Paducah, for appellant.

E. Dan Sharp, Jr., Mayfield, for appellee.

Before HAYES, C.J., and MILLER and DUNN, JJ.

DUNN, Judge.

This is an appeal from the summary judgment of the Graves Circuit Court in favor of the appellee, Board of Education of Graves County, and dismissing the motion for summary judgment of the appellant, Mary Jean Young. She had sued the Board of Education seeking declaratory judgment and mandatory injunctive relief. We affirm.

She had been employed as a classroom teacher by the Jefferson County Board of Education from September, 1974, to June, 1978. She had accumulated, under the provisions of KRS 161.155, twenty-four days of unused sick leave when she voluntarily resigned her position and took employment as a classroom teacher at the Kentucky Country Day School, a private institution, in Louisville, Kentucky. In September, 1979, she left that position and was hired as a classroom teacher by the Graves County Board of Education. It declined to credit her with the unused twenty-four days sick leave which she acquired during her earlier employment by the Jefferson County Board of Education prior to and during the year 1978.

The question to be resolved on this appeal is whether KRS 161.155(3) entitles the appellant to credit with the Graves County Board for the accumulated, unused sick leave days.

KRS 161.155 provides in pertinent part, as follows:

(2) Each district board of education shall allow to each teacher in its common school system not less than ten (10) days of sick leave during each school year, without deduction of salary . . .

(3) Days of sick leave not taken by a teacher during any school year shall accumulate without limitation and be credited to that teacher. . . . Any accumulated sick leave days, not to exceed thirty (30) days, credited to a teacher shall remain so credited in the event he transfers his place of employment from one school district to another within the state.

The trial court in its opinion upon which its judgment was based made reference to

*Carpenter v. Board of Education of Owsley County,* Ky., 582 S.W.2d 645 (1979). This case involved the question of whether a break in employment hindered a teacher's right to "portable tenure" under KRS 161.-740(1)(c). Our Supreme Court held in that case that the break between a teacher's service in one county school system and his acceptance of employment in another county school system prevented the transfer of the teacher's tenure to the second county school system.

The appellant contends that the trial court's reliance on *Carpenter* was not well placed. She seemingly relies primarily on the fact that KRS 161.720(4) defines with respect to tenure a "continuing service contract," which definition was applied by the Supreme Court in *Carpenter* in arriving at its decision whereas KRS 161.155, *supra,* concerning teachers' sick leave makes no such definitive provision to apply to terminating accumulated unused sick leave upon teacher resignation. The cardinal point of her argument seems to be that the Legislature did not in any way specifically provide for termination or elimination of teacher accumulated, unused sick leave upon resignation. She applies this cardinal point to a quotation from *Apache Coal Co. v. Fuller,* Ky., 541 S.W.2d 933 (1976), that a court's function in interpreting statutes is:

. . . limited to analyzing and applying what the Legislature has said, and does not extend to psychoanalyzing the legislature and applying what it may have meant to say. Cries for modification should be addressed to the legislature . . .

We disagree with the conclusion she arrives at in her analysis.

This appears to be a case of first impression in the interpretation of KRS 161.155(3). The sick leave statute and the tenure statute, as embodied in KRS 161.155 and in KRS 161.740 respectively, are both designed to protect a teacher by allowing transfer from one school district to another without losing accumulated benefits. Even though the Legislature has not specifically defined in KRS 161.155 a meaning for the

phrase, "transfers his place of employment from one school district to another within the state," it is quite logical to infer that the construction to be applied to the statutory language infers that the sick leave statute requires continuity of employment from one district to another district. Statutory construction and interpretation require that we give credence to the language used by the Legislature and that it be given its ordinary meaning. *Gateway Construction Co. v. Wallbaum,* Ky., 356 S.W.2d 247 (1962).

KRS 161.155(3), even without a specific definition, is even more explicit than the portable tenure statute because it uses the word "transfer". This word clearly implies that there must be a continuity of employment from one school district to another. All dictionary examples of the use of the word "transfer" contemplate moving from one place or position to another. Certainly, when the appellant terminated her employment with the Jefferson County School District, she did not transfer to a state school district. She transferred to the Kentucky Country Day School, a private institution, even though geographically located within a state school district it was not part of it. Obviously, therefore, she did not transfer to another state school district and thereby lost her credit for her unused sick days. The Legislature made no provision for a transfer by way of a side trip to a school system destination not legally part of our school district system. We hold that under the provisions of KRS 161.155(3), in order for accumulated sick leave days to remain credited upon transfer from one school district to another within the state, the transfer must be a direct one. We conclude that the Board of Education of Graves County properly applied those provisions when it refused to credit the appellant with the unused sick leave days in question accumulated by her during her employment by the Jefferson County Board of Education.

The Judgment of the Graves Circuit Court is AFFIRMED.

All concur.