COURT OF JUSTICE, ex rel, ADMINISTRATIVE OFFICE OF THE COURTS and Attorney General of the Commonwealth of Kentucky, Appellants,

v.

Barbara ONEY, Appellee.

No. 1999–CA–001242–MR.

Court of Appeals of Kentucky.

Sept. 1, 2000.

Discretionary Review Denied by Supreme Court Jan. 17, 2001.

A.B. Chandler, III, Attorney General, Ed Clark, Assistant Attorney General, Frankfort, Kentucky, for Appellants.

James W. Lyon, Jr., Greenup, Kentucky, for Appellee.

BEFORE: COMBS, HUDDLESTON, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge:

This is an appeal from a declaratory judgment determining that § 165 of the Kentucky Constitution and KRS 61.080(1) do not prohibit a deputy circuit clerk from simultaneously serving as a member of city council. From our review of KRS 30A.020, § 165 of the Kentucky Constitution, and KRS 61.080(1), a deputy circuit clerk is clearly a "deputy (state) officer" and is, thus, precluded from simultaneously serving as an officer of a city. Accordingly, we reverse the judgment of the Franklin Circuit Court and remand for further proceedings.

Appellee, Barbara Oney, has been employed by the Greenup County Circuit Clerk, James Garthee, as a deputy circuit clerk since 1990. In the fall of 1998, Oney campaigned for and was elected to a seat on the City Council for the City of Raceland. Sometime after the election, Oney was informed by the Administrative Office of the Courts ("AOC") that the position on city council was incompatible with her employment in the Greenup Circuit Clerk's office. She was informed that if she accepted her position on the city council, she would be forced to vacate her employment in the Greenup Circuit Clerk's office. In response to AOC's position, Oney filed a declaratory judgment action and a motion for a temporary injunction in the Franklin Circuit Court to prevent AOC from discharging her when she took her seat on the city council. Following a hearing on the matter, the temporary injunction was granted. On May 18, 1999, the court entered its declaratory judgment determining that Oney was not precluded from simultaneously holding the office of city council and being employed as a deputy circuit clerk. From that judgment, AOC now appeals.

The court based its determination on the fact that deputy clerks are only permitted to perform the ministerial duties of the circuit clerk and may not perform discretionary duties. The court reasoned that a deputy clerk is, thus, not a "state officer" within the meaning of § 165 of the Kentucky Constitution and KRS 61.080(1). We disagree. In *Barnes v. Barnes*, Ky., 241 S.W.2d 993, 994 (1951), the Court, in deciding liability for Social Security, found the circuit clerk and his deputies were basically ministerial officers. Also, under KRS 30A.020, both the clerk and his/her deputies are required to take the Constitutional Oath of state officers (§ 228), as well as the same clerk's oath. However, in our view, an analysis of the duties of a deputy circuit clerk is not necessary because the circuit clerk is undisputedly a state officer under KRS 30A.010(2). Section 165 of the Kentucky Constitution, as well as KRS 61.080(1), clearly and unambiguously forbid a "deputy officer" or a "deputy state officer" from holding a city office. Oney is clearly a deputy (state) officer, and the court's opinion erroneously found otherwise.

KRS 30A.010(2) provides that "[circuit] clerks are state officers whose duties are coextensive with the Commonwealth, ..." § 165 of the Kentucky Constitution provides in pertinent part, "No person shall, at the same time, be a *state officer or a deputy officer* or member of the General Assembly, and an officer of any county, city, town, or other municipality." (emphasis added). KRS 61.080(1) echoes the above constitutional provision in stating, "No person shall, at the same time, be a *state officer, a deputy state officer* or a member of the General Assembly, and an officer of any county, city, or other municipality, or an employee thereof." (emphasis added).

■ Words of a statute, if clear, are determinative of legislative intent. *Gateway Construction Co. v. Wallbaum,* Ky., 356 S.W.2d 247 (1962). The Court of Appeals is required to give credence to the language used by the Legislature and to give language its ordinary meaning. *Young v. Board of Education of Graves County,* Ky.App., 661 S.W.2d 787 (1983). Likewise, in interpreting the Constitution, words must be given their plain and ordinary meaning. *City of Louisville Municipal Housing Commission v. Public Housing Administration,* Ky., 261 S.W.2d 286 (1953). Where the language of the Constitution leaves no doubt of the intended meaning, courts may not employ rules of construction. *Grantz v. Grauman,* Ky., 302 S.W.2d 364 (1957).

Since Oney is admittedly a deputy circuit clerk, she is clearly a "deputy officer" under the Kentucky Constitution and a "deputy state officer" under KRS 61.080(1). Hence, she is precluded from serving on the Raceland City Council. We would note that, although we are not bound by said opinions, our decision is in line with various Attorney General opinions. OAG 82–351; OAG 80–246; OAG 80–608; OAG 76–509; OAG 77–537.

For the reasons stated above, the judgment of the Franklin Circuit Court is reversed and this case is remanded for further proceedings consistent with this opinion.

ALL CONCUR.