**T. C. (Thornton) DEWEY et al., Appellants,**

v.

**Roy ALLINDER et al., Appellees.**

**Roy ALLINDER et al., Cross-Appellants,**

v.

**Hubert REID, County Judge of Hopkins County et al., Cross-Appellees.**

Court of Appeals of Kentucky.

July 2, 1971.

Earle M. Nichols, Nichols, Nichols & Adams, Madisonville, for appellees and cross-appellants.

Albert W. Spenard, Madisonville, for appellants.

Albert W. Spenard, Hugh J. Convery, Madisonville, for cross-appellees.

STEINFELD, Judge.

Appellees as residents and taxpayers of Hopkins County sued the County Judge, the members of the fiscal court and the board of supervisors of the Hopkins County Mosquito Control District on October 30, 1968, seeking to have the court adjudge unconstitutional KRS 249.540, 249.551, 249.631, statutes relating to mosquito districts. It was so declared whereupon an abortive appeal was filed. We dismissed the appeal on motion of the appellees therein because the appellants failed to comply with CR 75.01. A cross-appeal remains pending, the issues of which we will not reach for the reasons we will discuss.

Before we acted on the motion to dismiss the appeal the defendants in the trial court moved under CR 60.02 to vacate the judgment. From the judgment denying that relief they have appealed claiming that the original judgment is void because there was noncompliance with KRS 418.-075 and CR 24.03.

KRS 418.075 provides in part:

"In any proceeding which involves the validity of a statute the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and shall be entitled to be heard."

CR 24.03 provides:

"When the constitutionality of an act of the General Assembly affecting the public interest is drawn in question in any action to which the State or an officer, agency or an employee thereof is not a party, the court shall notify the Attorney General. Such notice shall be directed by registered mail to the Attorney General by the Clerk."

The Attorney General was not served with a copy of the complaint attacking the statutes. The appellants argue that compliance with KRS 418.075 is jurisdictional and rely on Jefferson County Fiscal Court v. Trager, 300 Ky. 606, 189 S.W.2d 955 (1945), in which we said:

"Although the Commonwealth will be vitally affected by a decision of the questions presented, neither it nor any of its departments has been made a party to the suit; and, although the proceeding involves the validity of several Statutes, the Attorney General has not been served with a copy of the pleadings. For these reasons the Chancellor should have refused to render a decision. Commonwealth ex rel. Meredith, Atty. Gen. v. Reeves, Commissioner of Revenue et al., 289 Ky. 73, 157 S.W.2d 751."

In Trager we remanded the case with directions that the judgment be set aside without prejudice to the rights of the parties to proceed with the litigation. After final decision on a subsequent appeal we wrote: " * * * on appeal the case was remanded, because, the constitutionality of a statute being involved, copies of the pleadings should have been, but were not, served upon the Attorney General of the State." Jefferson County Fiscal Court v. Trager, 302 Ky. 361, 194 S.W.2d 851 (1946). Relying on Grubb v. Wurtland Water Dist., Ky., 384 S.W.2d 321 (1964), it is argued that the judgment is void, therefore, it may be attacked by anyone at any time and collaterally. The appellants also cite Smith v. Canada, Ky., 290 S.W.2d 463 (1956), in which we held that where an infant had been improperly summoned the judgment was void and it could be challenged at any time. Based upon the foregoing the appellants urge us to direct the trial court to set aside the judgment and permit the parties to proceed.

The appellees respond that the defendants were represented by Albert W. Spenard, the County Attorney, and they filed an affidavit in the CR 60.02 proceeding which said:

"Early in this litigation and before the judgment was entered, the Hon. Albert W. Spenard stated in open court to the Court that he had notified the Attorney General of the Commonwealth of Kentucky of the nature and pendency of this action, had inquired whether he desired to participate, and the Attorney General informed him that he did not wish to participate and had no interest in it."

No one challenged that statement.

Appellees point out that KRS 418.075 on which the appellants rely is a part of the declaratory judgment act and claim that this litigation is not under that act. They cite Worden v. City of Louisville, 279 Ky. 712, 131 S.W.2d 923 (1939), in which we held that where there is a defect of parties apparent on the record, this court may sua sponte dismiss the appeal although the question was not raised in the trial court. Appellees distinguish Jefferson County Fiscal Court v. Trager, 300 Ky. 606, 189 S.W.2d 955 (1945), in that Trager was an action under the declaratory judgment act. The complaint here

sought to have the court declare that the attacked statute is unconstitutional. While it did not specifically state that it was brought under the Declaratory Judgment Act we are of the opinion that it fell in that category, therefore, KRS 418.075 applied.

Having held that KRS 418.075 is applicable to this type of litigation we need not consider the pertinence of CR 24.03.

The appellees forcefully argue that the statement of the County Attorney who was representing appellants in the trial court that he had notified the Attorney General of the suit and that the Attorney General did not wish to participate, together with the failure of appellants to raise the issue until after the original appeal was dismissed, was a complete waiver of the failure to comply. Cited is Bates v. Grain Dealers National Mutual Fire Ins Co., Ky., 283 S.W.2d 3 (1955), in which we said: "Waiver is defined as an intentional relinquishment of a known right. It may be expressed or it may be inferred from the acts or conduct of a party." In Rowe v. Shepherd, Ky., 283 S.W.2d 188 (1955), we held that a litigant was estopped to take a position in conflict with his former position.

KRS 418.075 required that before the judgment which held the Mosquito Control Act unconstitutional be entered the Attorney General " * * * be served with a copy of the petition * * *". He was not but he did not file the CR 60.02 application to vacate the judgment. Nevertheless, because the constitutionality of legislation is here involved it is our opinion that the proper administration of justice requires that he be served and given an opportunity to enter the litigation. We so direct.

 Roy Allinder and others together with their counsel, Earl M. Nichols, Frederick E. Nichols and Richard W. Adams, whose firm is Nichols, Nichols and Adams, cross-appealed in the proceeding in which we dismissed the appeal. They contend that they and/or their counsel are entitled to the allowance of a fee for their services which fee they say should be paid out of the $203,665.65 in the tax funds collected under the acts which were adjudged invalid by the trial court. The fund is being held subject to orders of the court. This fee was denied by the trial court. These attorneys filed the complaint on behalf of Allinder and the other residents and taxpayers and they have represented them throughout the litigation. We cannot consider their entitlement to compensation until the validity of the act is properly determined, therefore, this question is reserved and the cross-appeal is held in abeyance pending further proceedings as indicated herein.

The judgment from which Dewey and the other appellants have appealed is reversed to the extent herein indicated.

All concur, however, OSBORNE, J., concurs in result only.