Lonnie Ray McCOY, Appellant,

v.

**WESTERN BAPTIST HOSPITAL, Appellee.**

Lonnie Ray McCOY, Appellant,

v.

**BAPTIST HOSPITALS, INC., Appellee.**

Court of Appeals of Kentucky.

April 17, 1981.

Rehearing Denied July 3, 1981.

Supreme Court opinion and order vacating motion granting discretionary review and remanding to Court of Appeals for final disposition, March 9, 1982.

James M. Auser, Louisville, for appellant.

Henry O. Whitlow, William B. Byrd, Paducah, for appellee.

Before GANT, HOGGE and WHITE, JJ.

GANT, Judge.

These actions were originally commenced as malpractice actions against the treating physician and the hospital involved in the professional care and services rendered to the appellant. The case against the treating physician having been disposed of, only the hospital remains. The actions were apparently brought to deliberately test the constitutionality of KRS 304.40–270, which provides:

Limitation on prayer for damages in malpractice action.—In any action for damages for malpractice, the ad damnum clause or prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court; provided, however, that all parties shall have the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence.

In these actions, the appellant deliberately set out in his complaint, in both the ad damnum clause and prayer for damages, the total sum of $1,050,000, in direct contravention of the statute. The lower court dismissed the action against both defendants because of the violation of the statute and for other grounds relating to this appellee alone.

It is our opinion that KRS 304.40–270 is clearly unconstitutional as an invasion of the rule-making power of the courts, and in violation of §§ 27, 28 and 109 of the Constitution of Kentucky. The Supreme Court of Kentucky, although as dictum, has chosen to comment on this subject in the case of *McGuffey v. Hall*, Ky., 557 S.W.2d 401, 406 (1977), as follows:

As a passing caveat, however, and without implying any approval of the other unlitigated portions of the Act, we express deep misgivings with respect to § 3 [now KRS 304.40–270], which relates to procedure and appears clearly to invade the rule-making authority of the court.

With this caveat of the Supreme Court, we hold that KRS 304.40–270 is unconstitutional.

The orders of the lower court dismissing the actions were proper. The court's dismissal of appellant's first suit was proper because of his failure to comply with CR 10, and the dismissal of the second was proper because the statute of limitations had run.

Rule 10.01 states:

Rule 10.01 Caption; Names of Parties

Every pleading shall have a caption setting forth the name of the court, the style of the action, the file number, and a designation as in Rule 7.01. In the complaint the style of the action *shall include the names of all the parties,* but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. [Emphasis added].

Although there are no Kentucky cases on this point, we believe that the rule must be construed to mean exactly what it says and that a complaint which does not include the names of all the parties in the caption, or style, does not comply with the rule. *See Adams v. School Board of Wyoming Valley West School District,* 53 F.R.D. 267, 268 (D.C.1971). By failing to make a timely objection to a plaintiff's noncompliance with the rule, a defendant may waive any objection to the noncompliance. *See Seiffer v. Topsy's International, Inc.,* 487 F.Supp. 653, 661 (D.C.1980). *See also Chaney v. Slone,* Ky., 345 S.W.2d 484, 485 (1961). After a case has proceeded to judgment, a party will be bound by the judgment where his name appears in the body of the complaint, although it is omitted from the caption. *Harrod v. Harrod,* 167 Ky. 308, 180 S.W. 797 (1915). However, where a timely objection is raised to failure to comply with the rule, the action must be dismissed.

In this action the appellee raised a timely objection to the first complaint and included in that objection the correct name of the hospital. The appellant amended his complaint, as he had a right to do under CR 15.01, and still failed to put the correct name of the hospital in the caption. He probably could have filed a second amended complaint to correct his error, but he chose to take this appeal instead. By failing to name Baptist Hospitals, Inc. in the caption of his first complaint or his amended complaint, appellant failed to comply with CR 10.01, and the lower court properly dismissed the first action.

Appellant argues that his second suit, filed after the statute of limitations had run against him, should be considered to be an amended complaint in the first action. However, there is no rule which would permit appellant's second suit to be considered an amended complaint in the first suit.

Pursuant to KRS 418.075 and CR 24.03, the Attorney General has been notified of this action and has filed a notice of intent not to intervene.

For the above reasons, the judgments are affirmed.

All concur.