Delbert **STEWART** and Mary **Stewart,** Appellants,

v.

**WILLIAM H. JOLLY PLUMBING CO., Appellees.**

**No. 87–CA–1312–MR.**

Court of Appeals of Kentucky.

Jan. 15, 1988.

Kenneth E. Dunn, Robert E. Barnett, III, Louisville, for appellants.

William P. Swain, John W. Phillips, Boehl, Stopher, Graves & Deindoerfer, Konrad Poth, Louisville, for appellees.

Before CLAYTON, McDONALD and MILLER, JJ.

## OPINION AND ORDER

McDONALD, Judge:

This is a negligence action commenced by the appellants, Delbert and Mary Stewart, for damage to their property resulting from a fire. They alleged the fire, which occurred in their home in September, 1985, to have been caused by the negligent installation of the plumbing and appliances, including a hot water heater in 1980 by the appellee, William H. Jolly Plumbing Company. The suit was commenced in October, 1986, 13 months after the fire. The trial court dismissed the complaint in May, 1987, on the basis that the claim was barred by the one-year limitation period in KRS 413.-135(2).

In *Tabler v. Wallace*, Ky., 704 S.W.2d 179 (1985), our Supreme Court declared the former version of KRS 413.135 to be unconstitutional. That statute granted immunity from suit to any person engaged in the "design, planning, supervision, inspection

or construction of any improvement to real property" after five years from the "substantial completion" of the improvement. The court determined that immunity for architects, builders, engineers and the like was arbitrary and violative of Section 59 of the Kentucky Constitution, entitled, "Local and special legislation." In response, the legislature reenacted the statute effective July 15, 1986. Subsection (1) of the new statute is nearly identical except that it provides that suit can be brought for damages caused by construction defects within seven years of substantial completion instead of five years. KRS 413.135(2) was reenacted verbatim and as such is nonsensical.[1]

The trial court granted the appellee's motion to dismiss determining that KRS 413.-135(2) required appellants to bring the suit for property damage within one year of the injury instead of the five years as provided in KRS 413.120, the ordinary property damage statute. In doing so the court noted that KRS 413.135(1) was unconstitutional for the same reasons as set forth in *Tabler, supra,* but found no constitutional or other impairment with KRS 413.135(2). The attorney general was not notified of the constitutional attack on the reenacted statute while the matter was pending in the trial court but was named in, and served with, the notice of appeal.

The appellee has moved this Court to dismiss the appeal solely because the appellants did not comply with that portion of KRS 418.075 requiring notice to the attorney general, or CR 24.03, likewise providing for such notice. The appellants have not filed a response to the motion. The appellee asserts that this Court and the Supreme Court "have consistently and repeatedly held that the notification provi-

sions of KRS 413.075 [418.075] and CR 24.03 are mandatory" to entertain appellate review of such matters. We disagree both with the contention that such consistency exists and that the appellee is entitled to a dismissal of the appeal, it being jurisdictionally flawed.[2]

There is considerable confusion regarding notification to the attorney general when a statute is alleged to be unconstitutional, particularly in regard to the consequences of failing to notify the attorney general. Thus, we have taken this opportunity to examine both the applicable statute and rule.

CR 24.03 provides in part:

When the constitutionality of an act of the General Assembly affecting the public interest is drawn in question in any action to which the State or an officer, agency, or employe thereof is not a party, the movant shall serve notice of the motion upon the Attorney–General.

KRS 418.075 provides in part:

In any proceeding which involves the validity of a statute, the attorney general of the state shall, *before judgment is entered,* be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the petition and be entitled to be heard.

■ The purpose for the notification to the attorney general is not to limit or define the parameters of the subject matter jurisdiction of our trial or appellate courts. Nor is it designed as another hurdle for an aggrieved litigant to overcome in order to secure appellate review. It is obvious that

---

1. KRS 413.135(1) requires suit to be brought within *seven* years from the "substantial completion" of the improvement but KRS 413.135(2) provides contrarily that suit must be brought within one (1) year from the date of injury when the injury "occurred during the *fifth* year following substantial completion of such improvement ... but in no event may such an action be brought more than *six (6)* years after the substantial completion" of an improvement to real property. (Emphasis added.)

2. The appellee erroneously states that the appellants set out only one issue in their prehearing statement, that of the constitutionality of KRS 413.135. The appellee should re-read the prehearing statement which clearly sets out two issues, (1) the constitutional issue and (2) the proper application of the statute, if found to be constitutional, to the facts established in this case. Thus, dismissal of the appeal is not warranted as a nonconstitutional issue is clearly presented.

the purpose for both the statute, which is included under the Declaratory Judgment Act, and the rule, which pertains to intervention, is to ensure that the attorney general has notice to enable him to exercise his right to intervene, on behalf of the citizens of the Commonwealth, in those cases attacking our statutes. *See Commonwealth Ex Rel. Hancock v. Paxton,* Ky. 516 S.W. 2d 865 (1974). However, while the attorney general is a proper party to such a case, he is not an indispensable party. While neither the rule nor the statute indicates the penalty for failure to comply with the notification provisions, we do not believe they contemplate the ultimate sanction suggested by the appellee, that is, dismissal of one's lawsuit or appeal.

Any confusion in this regard is attributable in part to the ambivalent treatment of the issue by the courts. In *Tabler v. Wallace, supra,* which as stated before dealt with the constitutionality of the same statute at issue here, this Court disposed of the notification issue, as well as other unrelated issues pertaining to preservation, in a footnote, finding such arguments "unpersuasive." The Supreme Court noted our ruling, also in a footnote, and declined to express any opinion on the issue. 704 S.W. 2d at 181, n. 3. However, compare the dissent for full impact of the problem. *Id.* at 188–189. On the other hand, in *Smith v. Rogers,* Ky., 702 S.W.2d 425, 428 (1986), and *Blake v. Woodford Bank & Trust Co.,* Ky.App., 555 S.W.2d 589 (1977), the appellate Court treated the lack of compliance with the notification requirements as essential to the preservation of the issue for review.[3] In other cases, such as *McCoy v. Western Baptist Hospital,* Ky.App., 628 S.W.2d 634 (1982), and *Hummeldorf v. Hummeldorf,* Ky.App., 616 S.W.2d 794 (1981), this Court notified the attorney general of the constitutional challenge who was then given the opportunity to intervene in the proceedings on the appellate level.[4]

■ Part of the confusion, too, stems from the variance between the rule and the statute concerning when and who is to give notice to the attorney general. The rule does not provide when notice must be given and the statute merely provides that it must be given "before judgment is entered." Although the rule provides the "movant" to serve notice, the statute is silent but indicates service to be a function of the court. In *Miles v. Shauntee,* Ky., 664 S.W.2d 512 (1984), which involved an attack on the Uniform Residential Landlord and Tenant Act, the trial court sent a copy of its memorandum opinion which held the statute unconstitutional to the attorney general and gave him an opportunity to be heard before judgment was entered. This is precisely the procedure we believe the statute provides for where, as here, the parties have not previously notified the attorney general of the constitutional attack pursuant to the rule and the constitutional issue is collateral to the underlying cause of action.

■ The merits of the appellee's motion were specifically addressed in *Dewey v. Allinder,* Ky., 469 S.W.2d 548 (1971), wherein the Court declined to set aside, as void for lack of jurisdiction, a judgment which held the Mosquito Control Act unconstitutional solely because the attorney general had not been notified of the suit. As that Court made clear, it is the intervention rights of the attorney general that the statute and rule attempt to protect, not the status of the nonmoving party. At best, one may be entitled to have a case remanded to the trial court where "the proper administration of justice" so requires. *Id.* p. 550; *see also Jefferson County Fiscal Court v. Trager,* 300 Ky. 606, 189 S.W.2d 955 (1945). Even that relief is not appropriate under the circumstances of this case

---

**3.** Other cases cited by the appellee, *cf. City of Louisa v. Newland,* Ky., 705 S.W.2d 916 (1986), and *Carr v. Cincinnati Bell, Inc.,* Ky.App., 651 S.W.2d 126 (1983), contain true preservation deficiencies, that is, failure to raise the alleged constitutional defect in the trial court and not merely the failure to notify the attorney general,

and thus are not particularly helpful in this regard.

**4.** In both cases, as is typically the case, the attorney general was not inclined to participate in the debate.

as (1) the appellee has not demonstrated how it has been prejudiced, if at all, by appellants' failure to notify the attorney general, (2) having failed to raise the issue of noncompliance in the trial court, it has *waived* the right to object at this juncture and, (3) as indicated earlier, the appeal will probably be resolved on grounds other than constitutional ones.

Thus, to summarize, when one challenges the constitutionality of a statute without notifying the attorney general, he does so at peril that (1) any judgment rendered in the action adverse to the validity of the statute could be set aside upon the attorney general's motion pursuant to CR 60.02, or (2) that this Court might remand, on motion of another party or on its own motion, to allow the attorney general the opportunity to intervene. *Allinder, supra.* In no event though is our jurisdiction, nor our ability to reach constitutional issue otherwise properly preserved, affected by the failure of a litigant to notify the attorney general. *See Wallace v. Lieberman,* 366 F.2d 254, 257–258 (2nd Cir.1966). Nor will appeals be dismissed for failure to notify the attorney general pursuant to the rule. Finally, we believe the notification requirements and judicial economy can both be served in this case by allowing the attorney general to intervene and participate on the appellate level if he so desires.

It appears to us to be an inefficient ritual to remand the case to the circuit court, have someone (either the court or a party) notify the attorney general and the attorney general, as usual in purely civil law statutes, decline the invitation to participate in the constitutional determination. Be mindful that, as in this case, it is not a question of preservation of error or issue; the circuit court considered the constitutional issue but merely did not have the benefit of the attorney general's counsel. It is sensible for us, and for all concerned, to give notice to the attorney general, such notice having been waived on the trial level, and let him address his advice to this Court or request that the matter be remanded before the trial court.

Therefore, the motion of the appellee to dismiss the appeal is DENIED.

All concur.