Connie MANEY, Appellant,

v.

MARY CHILES HOSPITAL, Appellee.

No. 89–SC–144–DG.

Supreme Court of Kentucky.

March 15, 1990.

John H. Keeton, Wagers and Keaton, P.S.C., Winchester, for appellant.

Ronald L. Green, Gregory K. Jenkins, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellee.

LAMBERT, Justice.

This Court granted discretionary review to consider the Court of Appeals' *en banc* opinion and order dismissing this cause for failure of the appellant to give notice to the Attorney General of the pendency of a constitutional challenge to KRS 413.140(2). The foregoing statute imposes an outside limit of five years upon the bringing of a civil action for damages based on the negligent act or omission of a physician or certain other health care providers. In the trial court appellant contended the statute was unconstitutional in violation of Section 59 of the Constitution of Kentucky. Declining to reach the constitutional issue on the merits, the Court of Appeals majority held that appellant's failure to give notice to the Attorney General of the constitutional challenge raised in the trial court was fatal to the appeal as being in violation of KRS 418.075 and CR 24.03.

More than five years after the date of the alleged medical malpractice, appellant brought this action against appellee for damages. Appellee responded with a plea of limitation based on KRS 413.140(2). Appellant responded that this statute was unconstitutional, but neither appellant, appellee nor the trial court gave any notice to the Attorney General that an issue had been raised as to its constitutionality. In due course, the trial court entered judgment upholding the constitutionality of the statute and dismissing appellant's complaint.

After the appeal to the Court of Appeals was docketed, a panel of that court, in accordance with the procedure outlined in *Stewart v. William H. Jolly Plumbing Co.*, Ky.App., 743 S.W.2d 861 (1988), noted the absence of notice of the constitutional challenge to the Attorney General and directed the clerk to serve copies of appropriate documents upon the Attorney General and granted twenty days for his response to the opportunity to intervene. The Attorney General timely filed a notice indicating he did not intend to intervene. Thereafter, the Court of Appeals was convened *en banc* and with eight judges concurring and five judges dissenting, dismissed the appeal for appellant's failure to provide notice to the Attorney General of the constitutional challenge to the statute in the trial court.

In this Court appellant asserts that KRS 418.075 and CR 24.03 do not apply; that appellee waived any objection to appellant's failure to notify the Attorney General by failing to raise the issue in the trial court; and that the rule and statute have been substantially complied with because the Attorney General was notified of the constitutional challenge, albeit not in the trial court. Appellee disputes these contentions and argues that notice to the Attorney General is a condition precedent to appellate review of the constitutional challenge; that this Court's policy of substantial compliance does not apply to this case; and that CR 24.03 imposes the burden of notification upon the movant.

■ During oral argument and in colloquy between the Court and counsel, an issue emerged as to whether a valid judgment determining constitutionality could be entered by a trial court in the absence of prior notification to the Attorney General. From our examination of KRS 418.075 and CR 24.03, we are convinced there is a compelling public purpose to be served by the notification rule. The language of the statute and rule evinces a strong public policy in favor of notification to the Attorney General whenever the constitutionality of a statute is placed in issue despite the location of KRS 418.075 in the Kentucky Declaratory Judgments Act and the appearance of CR 24.03 in our rule relating to intervention.

KRS 418.075 states in part as follows: "In any proceeding which involves the validity of a statute, the attorney general of the state shall, *before judgment is entered*, be served with a copy of the petition, and shall be entitled to be heard...." (emphasis added)

Among the purposes underlying this statute is the right of the people, by the chief law officer, to be heard on matters affecting the validity of duly enacted statutes. KRS 15.020. Likewise, the prevention of collusive, non-adversarial proceedings between or among litigants which might result in the invalidation of state law is a matter of public interest. It is in the interest of the people to afford the Attorney General an opportunity to participate on their behalf, whether it is to argue for or against the validity of a statute. In a proper case, the Attorney General may argue that a statute is unconstitutional. *Comm. ex rel. Hancock v. Paxton*, Ky., 516 S.W.2d 865 (1974).

■ Appellee urges us to hold, in effect, that failure of a party advocating unconstitutionality to give notice renders the trial court's decision on the issue non-reviewable. Inherent in such an argument is the view that when notice to the Attorney General is omitted, a trial court is empowered to decide the constitutional issue without any possibility of appellate review. By this reasoning, a particular circuit could invalidate a statute and such would be the law only of that case or in that circuit. Such a

result would encourage inconsistency among circuits, and would also deny reviewing courts any power to modify the constitutional decision so rendered.

In considering the question before the Court, we are of the opinion the intent of the Legislature in its enactment of KRS 418.075 is clear that no judgment shall be entered which decides the constitutionality of a statute until the Attorney General is given notice and an opportunity to be heard. In *Dewey v. Allinder*, Ky., 469 S.W.2d 548 (1971), this Court applied KRS 418.075 to an action which was not actually a declaratory judgment action, but which sought to have a statute declared unconstitutional. The Attorney General was not served with a copy of the complaint attacking the statute, nor was he properly given notice during the pendency of the proceedings by other means. This Court held that before entry of the judgment holding the statute unconstitutional, the Attorney General should have been served with a copy of the petition. Reversing the trial court, we said,

"[I]t is our opinion that the proper administration of justice requires that [the Attorney General] be served and given the opportunity to enter the litigation. We so direct." *Id.* at 550.

While our decision in *Dewey v. Allinder*, *supra*, did not expressly declare that a judgment entered in violation of the notice statute, KRS 418.075, was void, the rationale of that decision and the fundamental purpose of the statute leads to that conclusion. Numerous decisions from this Court and the Court of Appeals hold that judgments entered in violation of the Attorney General's notice statute are defective. *Jefferson County Fiscal Court v. Trager*, 300 Ky. 606, 189 S.W.2d 955 (1945), *Smith v. Rogers*, Ky., 702 S.W.2d 425 (1986), and *Field v. Evans*, Ky.App., 675 S.W.2d 3 (1984). Our decisions are consistent in recognizing the fundamental importance of such notice.

■ To assure compliance with the notice statute, we hold that it is the duty of all parties to give the required notice and the duty of the trial court to refrain from entry of judgment until the notice has been given. Unless the record shows that the requirements of KRS 418.075 have been observed, any judgment rendered which decides the constitutionality of a statute shall be void. While we endorse much of the reasoning and benefited from the thorough discussion of this issue in *Stewart v. William H. Jolly Plumbing Co.*, Ky.App., 743 S.W.2d 861 (1988), we disagree with the result. It is our view that KRS 418.075 is mandatory and that strict enforcement of the statute will eliminate the procedural uncertainty.

■ Inasmuch as our decision constitutes a departure from certain previous decisions of this Court and the Court of Appeals, it is advisable to limit its application in an effort to avoid any effect on otherwise settled judgments. Accordingly, we hold that this decision applies only to cases now pending in trial courts, cases which may hereafter be brought, and those cases now pending on appeal in which the issue is raised. See *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984).

For the foregoing reasons, the Court of Appeals opinion and order dismissing the appeal is set aside, the judgment of the trial court is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

STEPHENS, C.J., and GANT and VANCE, JJ., concur. LEIBSON, J., concurs by separate opinion in which WINTERSHEIMER, J., joins.

COMBS, J., not sitting.

LEIBSON, Justice, concurring.

I concur in our holding only because it is far superior to the hypertechnical approach of the Court of Appeals. The Court of Appeals' "EN BANC" Opinion rewarded the appellee with victory on a procedural point that was unpreserved by contemporaneous objection, an error that could have been easily corrected by notice to the Attorney General at the trial court level had it been raised. See *Miles v. Shauntee*, Ky., 664 S.W.2d 512 (1984).

The problem in this case is no one at the trial level notified the Attorney General that an issue involving the constitutionality of a state statute surfaced during argument over a motion to dismiss on plea of statutory limitations. The best solution to this problem is presented in *Stewart v. William H. Jolly Plumbing Co.*, Ky.App., 743 S.W.2d 861 (1988). The Opinion of the Court states:

> "While we endorse much of the reasoning and benefited from the thorough discussion of this issue in *Stewart v. William H. Jolly Plumbing Co.*, Ky.App., 743 S.W.2d 861 (1988), we disagree with the result."

I endorse fully both the reasoning and the results reached in *Stewart v. William H. Jolly*, and I see no logical impediment to reaching the same results here. That is exactly what happened within the panel to which this case was originally assigned at the Court of Appeals level. The Court of Appeals panel notified and invited the Attorney General "to inform this Court [the Court of Appeals] whether he wishes to intervene in this matter and what form he wishes his intervention to take." The Attorney General filed notice that he did not intend to intervene. The subsequent action taken by the Court of Appeals "EN BANC" dismissing this case on procedural grounds because the Attorney General was not notified at the trial level was harsh and unjustified. Indeed, it was inexcusable in a case where the Attorney General states he does not wish to participate. Certainly, it is contrary to the stated policy of this Court in *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986) embracing a substantial compliance approach to procedural default which is nonjurisdictional.

In a suit seeking a declaration of rights under the Declaratory Judgment Act, KRS 418.040–418.090, notice to the Attorney General and an opportunity to intervene is mandatory "before judgment is entered" because such is required by KRS 418.075. Such notice is a statutory imperative but it is not "jurisdictional" within any legal definition of the term. The language of KRS 418.075 does not apply to all cases where a constitutional issue may surface. Rather it is part of a statute establishing a procedure for suits for declaratory relief under the Declaratory Judgment Act.

The language which we suggest makes mandatory notifying the Attorney General in all cases "before judgment" is found in the second sentence of KRS 418.075. This is the subsection of the Declaratory Judgment Act which specifies who are "necessary parties" to an action for declaratory relief under the Act. We disregard the fact that this sentence is preceded by the first sentence which states:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The only purpose of sentence two is to make clear that if the declaratory relief sought "involves the validity of a statute," the Attorney General shall be given notice and an opportunity to intervene and be heard. Certainly, the purpose of sentence two is not to expand the Act to other cases not covered by the Act. The Declaratory Judgment Act created a new kind of lawsuit not previously permitted, a suit for declaratory relief, and then mandated the procedure for conducting such a lawsuit.

There is no statutory mandate requiring the Attorney General to be notified in present circumstances. The Declaratory Judgment Act simply does not apply. If we believe that judicial policy should require such notice in all cases, we should fashion a procedural rule which is adequate both to clearly express our policy and to afford litigants substantial justice. That is exactly what the decision in *Stewart v. William H. Jolly, supra,* does. It was followed by the Court of Appeals panel that originally considered the present case, but disregarded when the Court of Appeals elected en banc to withdraw the case from this panel and decide it differently. We have wandered far afield, for no apparent reason, to adopt a new policy that, in this case for sure and probably in many others, will elevate form over substance to no

one's satisfaction. Indeed, in the present case the appellee, while hoping for dismissal on a technicality, has no desire to go back to the trial court, notify the Attorney General, and start over. Appellee's counsel said as much at oral argument.

The plurality opinion also relies in part on CR 24.03, a subsection of the Civil Rule covering "Intervention." No doubt the intention of this subsection is to see that someone (unidentifiable because the rule is poorly worded) should notify the Attorney General when the constitutionality of a statute affecting the public interest is drawn into question and the state is not already a party to the lawsuit. No doubt the rule intends the Attorney General should then be permitted to intervene, if he wishes, either to defend or attack the constitutionality of the statute, as he deems appropriate in the public interest. CR 24.-03 is inartfully drawn because it places the burden on the "movant," which in context would seemingly refer to a party seeking to intervene under CR 24, to "serve notice of the motion upon the Attorney–General." The rule needs to be rewritten and clarified to precisely identify the procedure by which the Attorney General is to be notified and is to intervene.

At most, this poorly written rule seeks to address the permissive intervention of the Attorney General in a situation where neither the state nor the Attorney General is a necessary party to the litigation. By no reasonable stretch of the imagination could such a rule of procedure for permissive intervention be elevated to a jurisdictional requirement. It may be that CR 24.03 was written to provide a procedure to compliment KRS 418.075. But this does not and cannot expand the reach of the statute.

It is reasonable to believe that the reason why the Declaratory Judgment Act requires notice to the Attorney General "before judgment is entered" and an opportunity to intervene is because a primary purpose of the Act was to permit lawsuits testing public questions, such as the validity of bond issues. Such cases have the potential for becoming "sweetheart" cases wherein friendly parties seek to establish the constitutionality of their actions. Certainly notice to the Attorney General, who may then intervene, would serve an important purpose in such cases. On the other hand, the present case is of a type where the parties are truly adversary and the constitutionality issue will be fully litigated regardless of whether the Attorney General intervenes or declines to do so. It is particularly offensive that we remand to the trial court to permit the Attorney General to exercise such an option when he has already declined to do so. In present circumstances (and in most cases), there is no reason to believe that the Attorney General, who has declined to intervene at the appellate level, would have viewed the matter differently had he been notified at the trial level. Certainly the Attorney General has not said as much, and for us to say so is unjustified speculation.

*Dewey v. Allinder*, Ky., 469 S.W.2d 548 (1971), relied upon by the Court of Appeals and cited in our plurality opinion, does not stand for the proposition that notice to the Attorney General is required in present circumstances. The underlying action was to declare certain statutes regarding the powers of public officials unconstitutional. The suit was not brought specifically under the Declaratory Judgment Act but the court was of the opinion that it fell within that category and KRS 418.075 therefore applied. The Opinion does not address CR 24.03, nor does the Court equate the statute with the rule. Its progeny, which blindly cite and follow *Dewey v. Allinder*, do not address the problem. On the other hand, *Stewart v. William H. Jolly, supra*, does address the problem, and disposes of it appropriately. I fail to understand why we depart from this solution.

If the option were available to me, I would reverse the en banc Opinion of the Court of Appeals, approve the approach taken by the original panel which notified the Attorney General who then declined to intervene, and return this case to the Court of Appeals to decide on its merits. However, the only option presented to me in the present posture of this case is to vote either to affirm the final decision of the Court of Appeals, which I deem clearly

erroneous, or concur in remand to the trial court to notify the Attorney General anew and start all over. Certainly the latter approach is preferable to the former.

WINTERSHEIMER, J., joins.