RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0784-MR

JOHN GASTINGER                                       APPELLANT


                      APPEAL FROM FRANKLIN CIRCUIT COURT
v.               HONORABLE THOMAS D. WINGATE, JUDGE
                      ACTION NO. 19-CI-00075


KENTUCKY STATE POLICE,
RICHARD SAUNDERS, EX REL;
JUSTICE AND PUBLIC SAFETY CABINET,
JOHN TILLEY, EX REL; AND
KENTUCKY DEPARTMENT OF CORRECTIONS,
JIM IRWIN, EX REL                             APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: John Gastinger appeals from an opinion and order of

the Franklin Circuit Court, entered April 25, 2019, granting summary judgment in

favor of the Kentucky State Police (KSP) through Commissioner Richard Saunders

and the Justice and Public Safety Cabinet (Justice Cabinet) through Secretary John Tilley, thereby dismissing his case against said parties.[1] Gastinger challenged the requirement that he register as a sex offender after relocating to Kentucky and raised various related grounds. We find no error and affirm.

In August 2018, while living in Colorado, Gastinger pled guilty to a single count of indecent exposure-masturbation, Colo. Rev. Stat. Ann. § 18-7-302. Under Colorado law, indecent exposure-masturbation is a class 1 misdemeanor punishable by up to eighteen months in jail and subject to registration. Colo. Rev. Stat. Ann. §§ 18-7-302(2)(b), 18-1.3-501(1)(a)1, 16-22-102(9)(m), 16-22-103(2)(a) and (b).

As a condition of his probation, Gastinger agreed to register as a sex offender, pursuant to Colo. Rev. Stat. Ann. §§16-22-106 and 16-22-108, and to comply with restrictions and requirements as a registered sex offender on supervised probation. It was not specified in either his sentencing order or conditions how long Gastinger would be required to register as a sex offender.

Soon after he was sentenced, in August 2018, Gastinger moved to Kentucky. Pursuant to the Interstate Compact for Adult Offender Supervision, Kentucky Revised Statutes (KRS) 439.561, his probation was transferred from

---

[1] Though the Kentucky Department of Corrections (DOC) through Commissioner Jim Irwin is a named defendant, DOC did not file a motion for summary judgment and is not a party to this appeal.

Boulder County, Colorado to Oldham County, Kentucky where the Division of Probation and Parole imposed conditions of supervision. Pursuant to KRS 439.561, Article VII, the conditions of supervised probation Gastinger signed in Kentucky, including restrictions and requirements related to his obligation to register as a sex offender as mandated by KRS 17.510, were consistent with those he signed in Colorado.

After registering as a sex offender in Kentucky, Gastinger filed an administrative appeal with the Division of Probation and Parole, challenging his registration requirement. In November 2018, the Division of Probation and Parole ruled that, pursuant to KRS 17.510(7)(a), Gastinger had a duty to register as a sex offender in Kentucky and would be subject to a twenty-year registration requirement.

On January 22, 2019, Gastinger filed the underlying action for preliminary and injunctive relief and money damages, alleging violations of Kentucky law and his constitutional rights. He made numerous claims predicated upon his Kentucky registration requirement and the conditions of his registration and supervised probation.

Thereafter, in March 2019, Gastinger, the Justice Cabinet, and KSP filed cross motions for summary judgment. Gastinger sought partial summary judgment on whether his registration requirement and placement on the Kentucky

sex offender registry (SOR) was lawful and whether he was a felon. The Justice Cabinet and KSP sought summary judgment on the basis that Gastinger's registration requirement and conditions of registration and supervised probation were proper and not unlawful.

On April 25, 2019, the circuit court denied Gastinger's motion for partial summary judgment, granted the Justice Cabinet's motion for summary judgment, and granted KSP's motion for summary judgment.

On appeal, Gastinger argues: (1) the circuit court erred in its interpretation of KRS 17.510(7)(a) because he does not meet the inclusion criteria for registration and placement on the SOR; (2) his twenty-year registration requirement in Kentucky amounts to an increased period of registration and punishment, which violates his due process rights; (3) the media and internet restrictions imposed by the conditions of his supervised probation and computer use agreement violate his constitutional rights; (4) KRS 17.510(5)(c) unconstitutionally grants state actors immunity from liability for defamation; and (5) it is actionable that DOC has published on its Kentucky Online Offender Lookup (KOOL) website that he is a convicted felon.

Kentucky Rules of Civil Procedure (CR) 56.02 provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting

affidavits for a summary judgment in his favor as to all or any part thereof." When a trial court considers a summary judgment motion, it is required to view "[t]he record . . . in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013). We apply "a *de novo* standard of review with no need to defer to the trial court's decision." *Id.* "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App. 1996).

There are no factual disputes on appeal. All matters before us are properly reviewable as matters of legal interpretation.

Gastinger concedes he was required to register as a sex offender in Colorado and agrees that KRS 17.510(7)(a) is controlling. However, he argues the circuit court erred in its interpretation of the statute because he does not meet the inclusion criteria for registration and placement on the SOR. KRS 17.510(7)(a) dictates, in relevant part:

> [I]f a person is required to register under . . . the laws of another state . . . that person upon changing residence from the other state . . . to the Commonwealth . . . shall comply with the registration requirement of this section . . . and shall register within five (5) working days with the appropriate local probation and parole office in the county of residence . . . . A person required to register under . . . the laws of another state . . . shall be presumed to know of the duty to register in the Commonwealth.

KRS 17.510(7)(a) contains two clauses describing persons required to register in Kentucky: (1) persons convicted of an offense and required to register under the laws of the state from which they are relocating; and (2) persons convicted of an offense in another state that would require registration in Kentucky. *Murphy v. Commonwealth*, 500 S.W.3d 827, 831 (Ky. 2016).

In *Murphy*, the defendant relocated from Michigan, where he was required to register, to Kentucky, where he challenged whether he was required to register under KRS 17.510(7). *Murphy*, 500 S.W.3d at 829-30. The Kentucky Supreme Court explained that because the defendant was required to register in Michigan, he fell "squarely within the first clause of KRS 17.510(7)" and was required to register in Kentucky. *Murphy*, 500 S.W.3d at 830, 833.

Pursuant to *Murphy*, because Gastinger was required to register under the laws of Colorado, he is required to register in Kentucky. Therefore, Gastinger meets the inclusion criteria for registration and placement on the SOR.

-6-

Gastinger argues his twenty-year registration requirement in Kentucky amounts to an increased period of registration and punishment, which violates his due process rights. We disagree.

Kentucky only has two registration periods, lifetime and twenty years. KRS 17.520(2)(a) and (3). All persons required to register in Kentucky, but not subject to lifetime registration, are required to register for twenty years. KRS 17.520(3). Under Colorado law, Gastinger would not be subject to mandatory lifetime registration based on his conviction for the offense of indecent exposure-masturbation. Colo. Rev. Stat. Ann. §§ 18-7-302(2)(b), 16-22-113(1)(c). Because Gastinger's registration requirement in Kentucky is based solely upon his obligation to register in Colorado, and he would not be subject to mandatory lifetime registration under Colorado law, we are satisfied he is not subject to lifetime registration in Kentucky. Therefore, as a person required to register in Kentucky but not subject to lifetime registration, Gastinger is required to register for twenty years in Kentucky. KRS 17.520(3).

Under Colorado law, Gastinger's period of registration appears to be indefinite, with potential eligibility to petition for relief from registration five years after completion of supervised probation. Colo. Rev. Stat. Ann. § 16-22-113(1)(c). This makes August 3, 2026, eight years after his three-year sentence of supervised probation was imposed, the earliest possible date Gastinger could

-7-

become eligible to petition for relief under Colorado law. Such eligibility would be conditioned upon Gastinger's compliance with the requirements of his registration and supervised probation and successful completion of same. *Id.* Additionally, discontinuance of required sex offender registration, even after successful completion of supervised probation and registration, is discretionary under Colorado law. *People v. Carbajal*, 312 P.3d 1183, 1189-90 (Colo.App. 2012). Therefore, there is no guarantee Gastinger would be eligible to petition for relief in 2026 or that relief would be granted at that time.

Given the indefinite duration of his registration period in Colorado, Gastinger is incorrect that his twenty-year registration requirement in Kentucky amounts to an increase in his Colorado registration requirement or exceeds the maximum registration requirement he would be subject to in Colorado.

Further, even if Gastinger were correct and his Kentucky registration requirement did increase or exceed the duration of his Colorado registration requirement, sex offender registration requirements in the Commonwealth and other states "have consistently been held to be remedial measures, not punitive, and therefore do not amount to punishment or increased punishment." *Hyatt v. Commonwealth*, 72 S.W.3d 566, 571 (Ky. 2002). "[T]he designation of a sexual predator is not a sentence or a punishment but simply a status resulting from a conviction of a sex crime." *Id.* at 572. *See also Cutshall v. Sundquist*, 193 F.3d

466, 476 (6th Cir. 1999) (declining to hold sex offender registry was punitive, rather than regulatory, in nature)).

Gastinger argues the media and internet restrictions imposed by the conditions of his supervised probation and computer use agreement violate his constitutional rights in light of *Packingham v. North Carolina*, 137 S.Ct. 1730, 198 L.Ed.2d 273 (2017), and *Doe v. Kentucky ex rel. Tilley*, 283 F.Supp.3d 608 (E.D. Ky. 2017). He complains generally that none of the conditions should apply to him because he is not a sex offender. Specifically, he argues conditions requiring him to obtain permission prior to using a computer, the internet or social media/networking websites, and restricting him from using same to view sexual content or "further sexual activity" unconstitutionally bar him from the internet.

Gastinger is required to register as a sex offender in Kentucky. KRS 17.510(7)(a). Therefore, his assertion that none of his conditions are lawful because he is not a sex offender is incorrect.

In *Packingham*, the United States Supreme Court held that a North Carolina statute prohibiting sex offenders from accessing social media/networking websites *altogether*, impermissibly restricted speech in violation of the First Amendment. *Packingham*, 137 S.Ct. at 1737. However, the Court opined its holding was not so broad as to bar a state from enacting more specific laws and assumed the First Amendment would permit "narrowly tailored laws that prohibit a

sex offender from engaging in conduct that often presages a sexual crime[.]" *Id.*

Pursuant to *Packingham*, the Court in *Doe*, 283 F.Supp.3d at 616, held like bans in

Kentucky statutes facially unconstitutional and permanently enjoined the

Commonwealth from enforcing same. Following *Packingham* and *Doe*, the

Commonwealth struck the categorical prohibitions against use of social

media/networking websites for sex offenders from KRS 17.546 and KRS 17.510.

In *United States v. Carson*, 924 F.3d 467, 472 (8th Cir. 2019), the

defendant challenged special conditions of his lifetime supervision, including

computer use restrictions effectively prohibiting him from internet access without

prior approval from the probation office and barring him from creating or

maintaining a social media profile. The Court distinguished *Packingham*,

determining it "invalidated only *post*-custodial restrictions[,]" and declined to

extend its holding to restrictions on access to the internet during a term of

supervised release. *Carson*, 924 F.3d at 473.

Similarly, in *United States v. Rock*, 863 F.3d 827, 831 (D.C. Cir.

2017), the defendant challenged conditions of supervised release that prohibited

him from computer use or possession, and from having access to any online

service, without prior approval of the probation office. The Court explained the

conditions imposed were part of the defendant's supervised-release sentence, not

the kind of post-custodial restriction at issue in *Packingham*. *Rock*, 863 F.3d at

831. It affirmed that "individuals on probation 'do not enjoy the absolute liberty to which every citizen is entitled,' and 'a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens[.]'" *Id.* (quoting *United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587, 591, 151 L.Ed.2d 497 (2001)). Likewise, the Court in *United States v. Bobal*, 981 F.3d 971, 977 (11th Cir. 2020) (also quoting *Knights*, 534 U.S. at 119, 122 S.Ct. at 591), concluded, "[n]othing in *Packingham* undermines the settled principle that a district court may 'impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens' during supervised release."

As read together in their entirety, Gastinger's conditions of supervised probation and computer use agreement clearly and specifically allow him to possess and use computers and other electronic devices and access the internet and social media/networking websites with prior approval from the probation office. However, he is restricted from possession, use or access for purposes of viewing sexual content or "furthering sexual activity." These conditions plainly do not subject Gastinger to restrictions which prohibit his access to the internet or social media/networking websites *altogether*, and they are narrowly tailored to prohibit him from engaging in conduct that often presages a sexual crime. Therefore, the media and internet restrictions contained in Gastinger's conditions of supervised

probation and computer use agreement are not unconstitutional in the wake of *Packingham* and *Doe*.

Additionally, with respect to whether supervised-release conditions are reasonable, this Court summarized in *Wilfong v. Commonwealth*, 175 S.W.3d 84, 97 (Ky.App. 2004): "As a general matter, supervisory-release conditions must be rationally related to the purposes of supervisory release, which are rehabilitation of the releasee, deterrence of future criminal activity, and protection of the public from the releasee's being at large." Gastinger's narrowly tailored conditions, including the media and internet restrictions of which he complains, are rationally related to the purposes of supervised release as applied to registered sex offenders. Therefore, given that he is a registered sex offender, Gastinger's narrowly tailored conditions are reasonable under *Wilfong*.

Gastinger argues KRS 17.510(5)(c) unconstitutionally grants state actors immunity from liability for defamation, and "seeks to have this statute declared unconstitutional[.]" The Attorney General is a necessary party to any proceeding which involves the validity of a statute. KRS 418.075. "[S]trict compliance with the notification provisions of KRS 418.075 is mandatory[.]" *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky. 2008). This mandate applies to appellate proceedings, KRS 418.075(2), and "is reiterated in CR 24.03[.]" *Delahanty v. Commonwealth*, 558 S.W.3d 489, 507 (Ky.App. 2018). "Among the

purposes underlying this statute is the right of the people, by the chief law officer, to be heard on matters affecting the validity of duly enacted statutes." *Maney v. Mary Chiles Hosp.*, 785 S.W.2d 480, 481 (Ky. 1990). Gastinger has not provided the Attorney General with requisite notice of his claim involving the constitutional validity of KRS 17.510(5)(c). Therefore, even if we agreed with his argument, relief would not be available on this claim.

Additionally, the substance of his argument is without merit. KRS 17.510(5)(c) provides:

> Any employee of the Justice and Public Safety Cabinet who disseminates, or does not disseminate, registrant information *in good-faith compliance* with the requirements of this subsection shall be immune from criminal and civil liability for the dissemination or lack thereof.

(Emphasis added.) The text plainly contradicts Gastinger's assertion that state actors are granted complete immunity for dissemination of information about registrants. State actors can still be liable when their conduct is grossly negligent or they act in bad faith.

In a related argument, Gastinger asserts it is actionable that DOC has published on its KOOL website that he is a convicted felon when his registration requirement, and consequent placement on the SOR and KOOL, is based on his Colorado misdemeanor conviction.

The circuit court determined Gastinger was not named as a felon on

-13-

the SOR or KOOL. There is no evidence in the record before us to support Gastinger's repeated assertions to the contrary. Further, Gastinger has not addressed his complaints regarding the information included in his KOOL listing with the Division of Probation and Parole. Therefore, the circuit court did not err.

For the foregoing reasons, we affirm the Franklin Circuit Court's opinion granting summary judgment to the appellees and dismissing Gastinger's claims.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Gregory Ward Butrum
Louisville, Kentucky

BRIEF FOR APPELLEE,
KENTUCKY STATE POLICE:

Brenn Oliver Combs
Frankfort, Kentucky

BRIEF FOR APPELLEE,
JUSTICE AND PUBLIC SAFETY
CABINET:

Edward A. Baylous II
Frankfort, Kentucky